■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE COLLAZO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (G. Goldstein, J.), rendered March 12, 1986, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The instant case arises out of a robbery which occurred on January 6, 1984, at a candy store owned by the complaining witness. During the robbery, the complaining witness had ample opportunity to see and did see the robber's face in good lighting conditions for a period of five minutes. A lineup was held about one month after the incident. The complaining witness identified the defendant at the lineup, but that lineup identification was suppressed on the ground that the police showed two photographs of the defendant to the complainant shortly before the lineup, thus tainting the lineup. The hearing court allowed an in-court identification of the defendant by the complaining witness based on clear and convincing evidence of the presence of an independent source for the in-court identification.

The defendant contends that the hearing court erred in finding that there was an independent source for the in-court identification. We disagree. The defendant bases his contention on a complaint report given by the complaining witness to a police officer which, *inter alia,* described the defendant as being six feet tall and having no facial hair. At the hearing, the complaining witness, whose testimony the court found to be credible, denied that he gave this report. Much of the

difficulty surrounding the complaint report stems from the fact that the complainant spoke very little English and the police officer who interviewed the complainant spoke no Spanish. It was made clear at the hearing that the complainant had stated that the robber had no facial hair but had a mustache. The defendant did in fact have a mustache.

It is well settled that the suppression of an impermissibly suggestive lineup does not mean that the in-court identification would be unreliable if the identification is based on an independent source (see, Manson v Brathwaite, 432 US 98, 114-115; Neil v Biggers, 409 US 188, 199-200; United States v Wade, 388 US 218, 241; People v Malloy, 55 NY2d 296, 300, cert denied 459 US 847; People v Thomas, 51 NY2d 466, 474-475).

The defendant refers to two prior cases from this court, People v McCann (101 AD2d 843) and People v Whitehurst (87 AD2d 896), in which it was held that discrepancies between a prior description and the defendant's physical appearance rendered weak and unreliable subsequent identification testimony. However, unlike those cases, in the case at bar, the complainant denied that he gave the description attributed to him and his testimony was expressly found to be credible. In any case, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the hearing court's findings and the verdict were not against the weight of the evidence (CPL 470.15 [5]). Kunzeman, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.