■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL BARNES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered July 23, 1984, convicting him of murder in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

This appeal is taken from a judgment of conviction resulting from the retrial of the defendant ordered by this court *(see, People v Barnes,* 93 AD2d 864). We found reversible error in the trial court's permitting redirect examination of a People's witness regarding a lineup identification which had been suppressed *(see, People v Barnes,* 101 Misc 2d 76 [where, however, it was held that there was an independent source of the in-court identification]), and we had also implicitly rejected the defendant's contention that the in-court identification violated his due process rights.

On this appeal the defendant again contends that the trial court erred in permitting an in-court identification. The People respond that our prior decision in *People v Barnes (supra)* constitutes "the law of the case" and, in view of the defendant's failure to demonstrate "manifest error" in our prior decision, he is precluded from having this issue reconsidered. We agree. In *People v Taylor* (87 AD2d 771, *affd* 57 NY2d 729), the Appellate Division, First Department, applied this doc-

trine where there had been a prior decision and order of that court *(see, People v Taylor,* 68 AD2d 864), which had, in effect, determined an issue sought to be revived by the defendant in that case. Justice Lupiano stated, in a concurring memorandum in which Justice Sandler concurred in part: "In order to avoid the application of the law of the case doctrine it is necessary to demonstrate cogent reasons particularizing how our prior determination, which implicitly approved the admissibility of defendant's confession, was manifest error. No such cogent reasoning demonstrating that we heretofore committed manifest error, or that exceptional circumstances exist warranting departure from the law of the case doctrine, is set forth. To ignore the law of the case rather than to honor its strictures would in effect, characterize the action of the Bench of this court on the prior appeal as inept or negligent in directing a new trial without resolving the appellate issues already clearly presented to such Bench and which directly affect the propriety of the evidence to be submitted at the new trial" *(People v Taylor,* 87 AD2d 771, 773, supra).

There has been no showing at bar that our prior decision proceeded on the basis of "manifest error, or that exceptional circumstances exist warranting departure from the law of the case doctrine" *(People v Taylor,* 87 AD2d 771, 773, *supra).* In any event, we find, in the exercise of our factual review power, that no error was committed by the trial court. "It is well settled that the suppression of an impermissibly suggestive lineup does not mean that the in-court identification would be unreliable if the identification is based on an independent source *(see, Manson v Brathwaite,* 432 US 98, 114-115; *Neil v Biggers,* 409 US 188, 199-200; *United States v Wade,* 388 US 218, 241; *People v Malloy,* 55 NY2d 296, 300, *cert denied* 459 US 847; *People v Thomas,* 51 NY2d 466, 474-475)" *(People v Collazo,* 152 AD2d 633, 634).

The record shows that the identifying witness saw the defendant and another identified as Lee Kelly for some time, while they boxed and played in a rather loud and noisy manner in good lighting conditions. Thereafter, the pair disappeared, returning shortly afterwards with a third man walking between them. Suddenly, Kelly placed his arm around the third man's neck, holding him while the defendant stabbed him repeatedly. This entire episode was viewed by the identifying witness, who again saw the assailants a few hours later at a store. In these circumstances, there can be little doubt that there existed an independent source for the in-court identification.

We have examined defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Thompson, J. P., Brown, Kunzeman and Rubin, JJ., concur.