■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUINTON DAIS, Appellant. [850 NYS2d 37]—

Judgment, Supreme Court, New York County (Joan C. Sudolnik, J.), rendered June 6, 2005, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 7 to 14 years, unanimously affirmed.

The court properly denied defendant's mistrial motion, made on the basis of the People's summation. The challenged comments in which the prosecutor characterized defendant's defense were responsive to defendant's summation, which suggested that the undercover officer's testimony was fabricated (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). With one exception, the prosecutor's comments "did not exceed the broad bounds of rhetorical comment permissible in closing argument" (*People v Galloway*, 54 NY2d 396, 399 [1981]). Although the prosecutor should not have denigrated defense counsel by stating that counsel was "in fantasy land," the trial court sustained the general objection to this statement and admonished the prosecutor

not to characterize the defendant's arguments. No further relief is warranted on account of this comment. The prosecutor did not improperly vouch for the officers, and any references to their credibility were record-based and addressed to the jury's common sense concerning motives or lack of motives to falsify (*see People v Gonzalez*, 298 AD2d 133, 133-134 [2002], *lv denied* 99 NY2d 614 [2003]). Furthermore, the court's curative instructions during the summation sufficed to prevent any prejudice.

We perceive no basis for reducing the sentence.

Defendant's pro se claims are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find them without merit. Concur—Lippman, P.J., Mazzarelli, Gonzalez, Sweeny and McGuire, JJ.