■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO MARTE, Appellant. [891 NYS2d 408]—

The court properly exercised its discretion in denying defendant's mistrial motion based on the prosecutor's summation. The challenged portions of the summation did not deprive defendant

of a fair trial (*see generally People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Although the prosecutor erred by commenting that defendant knew he was guilty, the court struck that comment and subsequently delivered a thorough curative instruction, which the jury is presumed to have followed (*see People v Davis*, 58 NY2d 1102, 1104 [1983]), and which sufficed to prevent any prejudice. Likewise, while the prosecutor should not have referred to defense counsel as a "male attorney" or stated a fact not in evidence, in each instance the court took suitable curative action and no further remedy was necessary. Rather than expressing the prosecutor's personal beliefs, the comments that defendant characterizes as vouching for witnesses generally constituted record-based arguments as to why the witnesses should be believed, made in proper response to defendant's attacks on the witnesses' credibility (*see People v Dais*, 47 AD3d 421, 422 [2008], *lv denied* 10 NY3d 809 [2008]; *People v Overlee*, 236 AD2d 133, 144 [1997], *lv denied* 91 NY2d 976 [1998]).

By cross-examining a detective about the absence of police documentation relating to this case, and by specifically eliciting the existence of a complaint report, defendant opened the door to the introduction by the People of a portion of that report giving the first name of the assailant. In any event, regardless of whether the court erred in receiving alleged hearsay evidence, any error was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]). Concur—Tom, J.P., Andrias, McGuire and Manzanet-Daniels, JJ.