[970 NE2d 849, 947 NYS2d 814]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUIN-
TON DAIS, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DON-
ALD STANLEY, Appellant.

Argued May 3, 2012; decided May 31, 2012

## POINTS OF COUNSEL

*Center for Appellate Litigation*, New York City (*Abigail Everett* and *Robert S. Dean* of counsel), for appellant in the first above-entitled action. It was error to conduct a new predicate felony hearing at the Drug Law Reform Act (DLRA) proceeding because the 2009 DLRA authorizes the DLRA court only to "effect an alteration of the existing sentence" (*People v Acevedo*, 14 NY3d 828, 831 [2010]), by substituting a determinate term of imprisonment for the original indeterminate term and does not otherwise grant the court plenary authority to conduct new "pre-sentence proceedings," as defined by CPL article 400 (CPL 440.46 [1]; 2009 Drug Law Reform Act, L 2009, ch 56, part AAA, § 9). (*People v Vaughan*, 62 AD3d 122; *Doctors Council v New York City Employees' Retirement Sys.*, 71 NY2d 669; *People v Behlog*, 74 NY2d 237; *People v Minaya*, 54 NY2d 360; *Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205; *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577; *Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington*, 97 NY2d 86; *Finger Lakes Racing Assn. v New York State Racing & Wagering Bd.*, 45 NY2d 471; *People v Smith*, 79 NY2d 309; *People v Kuey*, 83 NY2d 278.)

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Caitlan J. Halligan, Alan Gadlin* and *Christopher P. Marinelli* of counsel), for respondent in the first above-entitled action. Upon defendant's application to be resentenced under the 2009 Drug Law Reform Act, defendant was properly adjudicated a second felony drug offender who had committed a prior violent felony. (*People v Utsey*, 7 NY3d 398; *People v Scarbrough*, 66 NY2d 673; *People v Paulin*, 17 NY3d 238; *People v Santiago*, 17 NY3d 246; *People v Wrotten*, 14 NY3d 33; *People v Alcequier*, 43 AD3d 699; *People v Ramirez*, 49 AD3d 475; *People v Acevedo*, 14 NY3d 828; *People v Lingle*, 16 NY3d 621; *People v Sparber*, 10 NY3d 457.)

*Appellate Advocates*, New York City (*David P. Greenberg* and *Lynn W.L. Fahey* of counsel), for appellant in the second above-entitled action. Appellant was entitled to challenge the use of his prior convictions at his sentencing under the 2009 Drug Law Reform Act. (*People v Behlog*, 74 NY2d 237; *Townsend v*

*Burke*, 334 US 736; *People v Hansen*, 99 NY2d 339; *People v Paulin*, 17 NY3d 238; *People v Acevedo*, 14 NY3d 828; *People v Mills*, 11 NY3d 527; *People v Lingle*, 16 NY3d 621; *People v Sparber*, 10 NY3d 457; *People v Loughlin*, 66 NY2d 633; *People v Benston*, 19 AD3d 179.)

*Richard A. Brown, District Attorney*, Kew Gardens (*Sharon Y. Brodt* and *John M. Castellano* of counsel), for respondent in the second above-entitled action. Defendant was not entitled to challenge his prior adjudication as a second felony offender at his resentencing pursuant to the 2009 Drug Law Reform Act, as a resentencing under this Act is not a plenary proceeding. (*People v Loughlin*, 66 NY2d 633; *People v Acevedo*, 14 NY3d 828; *People v Vaughan*, 62 AD3d 122; *Matter of Murray v Goord*, 1 NY3d 29; *People v Sparber*, 10 NY3d 457; *People v Lingle*, 16 NY3d 621; *People v Romain*, 288 AD2d 242; *People v Wilkins*, 28 NY2d 213; *People v Montgomery*, 24 NY2d 130; *People v Samms*, 95 NY2d 52.)

### OPINION OF THE COURT

PIGOTT, J.

Under the Drug Law Reform Act of 2009 (2009 DLRA), "[a]ny person in the custody of the department of corrections and community supervision convicted of a class B felony offense as defined in . . . [Penal Law article 220] which was committed prior to [January 13, 2005]" and "who is serving an indeterminate sentence with a maximum term of more than three years, may," subject to certain exclusions, "apply to be resentenced to a determinate sentence in accordance with . . . [Penal Law §§ 60.04 and 70.70] in the court which imposed the sentence" (CPL 440.46 [1]). Penal Law § 70.70 distinguishes between the sentence that a resentencing court must impose on a second felony drug offender who has a prior *nonviolent* felony conviction, and one it must impose on a second felony drug offender who has a prior *violent* felony conviction (*see* Penal Law § 70.70 [3] [a]; [4] [a]). The range of determinate sentences available under the nonviolent category is more lenient than it is for the violent (*see* Penal Law § 70.70 [3] [b] [i] [minimum of two years and a maximum of 12 for a class B felony]; [4] [b] [i] [minimum of six years and a maximum of 15 for a class B felony]).

These appeals involve a similar issue, albeit in different contexts. At issue in *People v Dais* is whether the People may introduce a new predicate felony statement at the resentencing proceeding to demonstrate that the defendant must be adjudicated

a second felony drug offender whose prior conviction was for a violent felony (thereby requiring his resentencing under Penal Law § 70.70 [4] [b]), notwithstanding the fact that the defendant, at his original sentencing had been adjudicated a second felony offender based on a prior *nonviolent* felony. The issue presented in *People v Stanley* is the converse of the one in *Dais*; in *Stanley*, it is the defendant who claims that he should be permitted to challenge at his resentencing whether his prior felony conviction was for a nonviolent felony, thereby requiring that he be resentenced pursuant to Penal Law § 70.70 (3) (b). We conclude that a de novo review of whether the defendant's prior felony is nonviolent or violent is proper in a 2009 DLRA resentencing proceeding.

## *People v Dais*

In June 2005, Quinton Dais was convicted of one count of criminal sale of a controlled substance in the third degree, a class B felony, arising from a buy and bust arrest in October 2004. Prior to sentencing, the People filed a predicate felony statement alleging that Dais had a 1994 felony conviction for criminal sale of a controlled substance in the third degree, a nonviolent felony. Dais admitted to that conviction and the court sentenced him as a second felony offender to an indeterminate term of 7 to 14 years' imprisonment. His conviction was affirmed on appeal (47 AD3d 421 [1st Dept 2008], *lv denied* 10 NY3d 809 [2008]).

In October 2009, Dais moved for resentencing under the 2009 DLRA, claiming that he was entitled to be resentenced as a second felony offender whose prior felony conviction was for a nonviolent felony (*see* Penal Law § 70.70 [3] [a]). The People countered that, assuming Dais was eligible for resentencing, he should be resentenced as a second felony drug offender who had been previously convicted of a *violent* felony (*see* Penal Law § 70.70 [4] [a] [emphasis supplied]), pointing to Dais's 1984 conviction for robbery in the second degree. Dais argued that the People were barred by the doctrines of collateral estoppel and law of the case from "litigating anew" defendant's predicate felony status.

Supreme Court permitted the People to file a predicate felony statement relative to the 1984 second degree robbery conviction. Dais was then arraigned on that statement and he neither disputed its contents nor challenged the constitutionality of the conviction. The court adjudicated Dais a second felony drug

offender with a prior violent felony conviction under section 70.70 (4) and resentenced him to a determinate term of six years' imprisonment with three years' postrelease supervision. The Appellate Division unanimously affirmed, holding that Dais's resentencing motion "placed the case in a procedural posture that made it material, for the first time, that he was not only a predicate felon, but a predicate violent felon as well" (81 AD3d 432, 433 [1st Dept 2011] [citations omitted]). A Judge of this Court granted Dais leave to appeal (17 NY3d 805 [2011]).

### People v Stanley

On October 31, 2004, Donald Stanley was arrested and charged for, among other things, two counts of criminally using drug paraphernalia in the second degree, and criminal possession of a controlled substance in the third and fifth degrees. A jury convicted Stanley on those counts. At sentencing, the People filed predicate statements requesting that Stanley be sentenced as a second felony offender and persistent felony offender, relying on Stanley's November 1984 conviction for attempted criminal sale of a controlled substance in the third degree, and his July 1994 convictions for felony possession of cocaine and robbery in the second degree under Florida Statutes Annotated, title 46, §§ 893.13 and 812.13, respectively.

Stanley did not deny any of the allegations in those statements, nor did he challenge the constitutionality of his prior convictions. The court sentenced him as a second felony offender to an indeterminate term of 12½ to 25 years' imprisonment on the count of criminal possession of a controlled substance in the third degree (a class B felony), 3½ to 7 years' imprisonment on the count of criminal possession of a controlled substance in the fifth degree, and one year for each count of criminally using drug paraphernalia in the second degree, with all sentences running concurrently. Stanley appealed the underlying drug suppression ruling but did not challenge his second felony offender adjudication, and the Appellate Division affirmed the judgment of conviction (50 AD3d 1066 [2d Dept 2008], lv denied 10 NY3d 964 [2008]).

In October 2009, Stanley moved for resentencing under the 2009 DLRA, asserting that he should not be resentenced as a predicate felon because the Florida statute under which he had been adjudicated a second felony offender, i.e., robbery in the second degree, was not equivalent to a New York felony or

violent felony.[1] The appropriate resentence, according to Stanley, should be between one to nine years' imprisonment and one to two years' postrelease supervision pursuant to Penal Law § 70.45 (2) (b) and § 70.70 (2). As relevant here, the People opposed resentencing on the ground that Stanley forfeited his right to challenge his adjudication as a predicate felon at his 2006 sentencing by failing to challenge his Florida robbery conviction at that time.

Supreme Court found Stanley eligible for resentencing under the 2009 DLRA, but resentenced him as a second felony drug offender with a prior felony conviction for a violent felony, noting that Stanley's admission to having committed the Florida offenses at the original sentencing was binding. He was resentenced to a determinate term of 10 years' imprisonment with three years' postrelease supervision on the count of criminal possession of a controlled substance in the third degree, and a determinate sentence of 4½ years' imprisonment with two years' postrelease supervision on the count of criminal possession of a controlled substance in the fifth degree, the sentences to run concurrently.

The Appellate Division affirmed, holding that Stanley "was not entitled to a de novo determination of his predicate felony status at the resentencing proceeding, since his predicate felony status was already determined at the original sentencing, and was not challenged at the original sentencing or on direct appeal," and that he "was properly resentenced as a second felony offender with a prior violent felony conviction" (83 AD3d 968, 969 [2d Dept 2011]). A Judge of this Court granted Stanley leave to appeal (17 NY3d 822 [2011]).

## Analysis

■■ We first address the common issue presented in both appeals, namely whether the People (as in *Dais*) or the defendant (as in *Stanley*) may litigate de novo, for purposes of resentencing under the 2009 DLRA, whether the defendant has a prior conviction for a nonviolent or violent felony. The defendant in *Dais* claims that the People should not have been allowed to file a new predicate felony statement pursuant to CPL 400.21 and conduct a new predicate felony hearing in order to prove

---

1. Stanley also claimed that his counsel at the original sentencing was ineffective for failing to contest the People's contention that Stanley was a predicate felon, because neither of the Florida felonies would constitute a New York felony.

that Dais had a prior felony conviction for a violent felony because the People relied on a nonviolent felony as the predicate conviction at the original sentencing. The defendant in *Stanley* claims that, at a minimum, he should be permitted to challenge at his resentencing hearing that his prior Florida conviction for robbery in the second degree was not a violent felony. We conclude, in each case, that the issue of whether the defendant had a prior violent felony (or nonviolent felony in the case of *Stanley*) may be litigated at resentencing.

The 2009 DLRA directs that any person eligible for resentencing must be resentenced in accordance with Penal Law §§ 60.04 and 70.70 (*see* CPL 440.46 [1]). Dais and Stanley were each convicted of class B felonies, thereby permitting their resentencing according to the relevant provisions of Penal Law § 70.70 (*see* Penal Law § 60.04 [3]). For purposes of resentencing under that provision, however, there is a distinction between a "second felony drug offender whose prior felony conviction *was not* a violent felony," and a "second felony drug offender whose prior felony conviction *was* a violent felony" (Penal Law § 70.70 [3] [a]; [4] [a] [emphasis supplied]).[2] With certain exceptions not applicable here, when the court finds, pursuant to CPL 400.21, that a defendant is either a second felony drug offender whose prior conviction was not a violent felony or one whose prior conviction was a violent felony, it must sentence the defendant in accordance with the relevant provision (*see* Penal Law § 70.70 [3] [b]; [4] [b]).

The Drug Law Reform Act of 2004 (2004 DLRA) amended CPL 400.21 by delineating the procedure courts should follow in determining whether a defendant is a second felony drug offender pursuant to Penal Law § 70.70 (1) (b) (*see* L 2004, ch 738, § 18; CPL 440.46 [3] [making the 2004 DLRA procedures applicable to 2009 DLRA resentencing proceedings]). CPL 400.21 (2), as amended by the 2004 DLRA, provides that

"[w]hen information available to the court or to the people prior to sentencing for a felony indicates that the defendant may have been previously subjected to a predicate felony conviction, a statement *must be filed by the prosecutor* before sentence is imposed

---

**2.** Penal Law § 70.70 (1) (b) defines a "second felony drug offender" as "a second felony offender as that term is defined in . . . [Penal Law § 70.06 (1)] . . . who stands convicted of any felony" set forth in Penal Law articles 220 and 221 "other than a class A felony."

setting forth the date and place of each alleged pred-
icate felony conviction and *whether the predicate
felony conviction was a violent felony as that term is
defined in . . . [Penal Law § 70.02 (1)],* or in any
other jurisdiction of an offense which includes all
the essential elements of any such felony for which
a sentence to a term of imprisonment in excess of
one year or death was authorized in this state
regardless of whether such sentence was imposed"
(emphasis supplied).

The People "must" provide the defendant with the predicate
statement and the court "must" inquire whether the defendant
wishes to refute anything in the statement. If the defendant
does, he must "specify" those allegations he wishes to refute,
and any "[u]ncontroverted allegations in the statement shall be
deemed to have been admitted by the defendant" (CPL 400.21
[3]).

The court need not hold a hearing if "the uncontroverted al-
legations in the statement are sufficient to support a finding
that the defendant has been subjected to a predicate felony
conviction" (CPL 400.21 [4]). In such a case, the court "must
enter" a finding that the defendant's "predicate felony convic-
tion was of a violent felony as that term is defined in . . . [Penal
Law § 70.02]" or, if considering a prior offense from another ju-
risdiction, whether it "includes all of the essential elements of
any such felony for which a sentence to a term of imprisonment
in excess of one year or death was authorized." Upon the entry
of a finding under either category, the resentencing court must
sentence the defendant in accordance with the provisions of
Penal Law §§ 70.06, 70.70 or 70.71 (CPL 400.21 [4]). Where the
court enters a finding pursuant to CPL 400.21, "such finding
shall be binding upon that defendant in any future proceeding
in which the issue may arise" (CPL 400.21 [8]).

■ Dais asserts that the resentencing court should have
sentenced him in accordance with Penal Law §§ 60.04 and 70.70
without considering his 1984 second-degree robbery conviction
because the 2009 DLRA does not grant the resentencing court
the authority to "revisit" prior recidivist determinations. Es-
sentially, Dais is claiming that the People were prohibited from
filing a new predicate statement establishing that, as a second
felony drug offender seeking resentencing under the 2009
DLRA, he was "previously convicted of a violent felony" (Penal
Law § 70.70 [4]) because he had not been previously adjudicated

a "second felony drug offender previously convicted of a violent felony" under CPL 400.21. Thus, according to Dais, when the People utilized his prior nonviolent felony as a predicate at the original sentencing, the die had been cast, so to speak, and he should be resentenced pursuant to Penal Law § 70.70 (3) (b). We disagree.

Dais's contention ignores the interplay between Penal Law §§ 60.04 and 70.70, on the one hand, and CPL 400.21 on the other. As relevant here, section 60.04 (3) directs that persons convicted of class B felonies "must be sentenced" in accordance with section 70.70, a statute enacted as part of the 2004 DLRA. Section 70.70 directs that, subject to certain exceptions not applicable here, if the court finds pursuant to CPL 400.21 that a defendant is a second felony drug offender with "a prior felony conviction [that] was not a violent felony" or "a prior felony conviction [that] was a violent felony," it "shall impose a determinate sentence of imprisonment" (Penal Law § 70.70 [3] [b]; [4] [b]). The People are not only permitted to file a new predicate felony statement upon a defendant's motion for resentencing, they are required to do so "[w]hen information available to the court or to the people prior to sentencing for a felony indicates that the defendant may have previously been subjected to a predicate felony conviction" and such "predicate felony conviction was a violent felony" (CPL 400.21 [2]).

It was not until the enactment of the 2004 DLRA that the Legislature imposed a distinction between second felony drug offenders whose prior felony was nonviolent and those whose prior felony conviction was for a violent felony. It was the Legislature's intention to afford leniency to nonviolent drug offenders (see Sponsor's Mem, Bill Jacket, L 2004, ch 738, at 3-4 [noting that sentences for nonviolent first offenders and offenders with prior nonviolent felony convictions would decline, while sentences for drug offenders with prior violent felony convictions could increase under the 2004 DLRA]). But at the time of Dais's original sentencing, it was irrelevant under the applicable sentencing scheme whether Dais had a prior violent felony conviction,[3] meaning that the People certainly had no incentive to utilize the 1984 robbery conviction instead of his 1994 conviction for the nonviolent felony of criminal sale of a controlled

---

**3.** Although defendant was convicted and sentenced in 2005, the Drug Law Reform Act of 2004 was not applicable to him because he committed his offense in October 2004 (see People v Utsey, 7 NY3d 398 [2006]).

substance in the third degree. In other words, whether Dais had a prior *violent* felony conviction was something that had not been litigated at the original sentencing, and the People were not foreclosed from filing a new predicate statement upon Dais's resentencing motion, nor was the resentencing court prohibited from conducting a recidivist hearing as to whether he had a prior violent felony conviction.

This, of course, does not mean that a defendant may not challenge at resentencing the People's predicate statement alleging that the defendant had "a prior felony conviction [that] was a *violent* felony" (Penal Law § 70.70 [4] [a] [emphasis supplied]). Pursuant to the 2004 DLRA, the provisions of which "govern the proceedings on and determination of" a resentencing motion brought under the 2009 DLRA (CPL 440.46 [3]), the resentencing court "may consider any facts or circumstances relevant to the imposition of a new sentence which are submitted by [the applicant] or the people," and "shall offer an opportunity for a hearing . . . [and] may also conduct a hearing, if necessary, to determine whether [the applicant] qualifies to be resentenced or to determine any controverted issue of fact relevant to the issue of sentencing" (L 2004, ch 738, § 23). Whether a defendant seeking resentencing has a prior violent felony is clearly relevant to a resentencing proceeding, and the People are not precluded from litigating that issue de novo upon a defendant's motion for resentencing.

██ For a similar reason, we conclude that the defendant in *Stanley* is entitled to challenge whether his out-of-state convictions utilized by the People as part of their predicate felony statements would be considered the equivalent of "violent" felonies in New York. We agree with Stanley that he should be allowed to argue that he was not a second felony drug offender previously convicted of a *violent* felony, and because he was not afforded an opportunity to challenge that designation, this matter should be remitted to Supreme Court so Stanley can make that argument. This comports with the ameliorative purpose of the 2009 DLRA, which is to ensure that second felony drug offenders with prior nonviolent felonies receive potentially more lenient sentences than those who have a history of violent felonies.

We do, however, reject Stanley's contention that he is entitled to a complete vacatur of his prior predicate felony adjudication as a second felony offender. At the original sentencing proceeding, Stanley was adjudicated a second felony offender which,

according to CPL 400.21 (8), was a finding that was "binding upon . . . [him] in any future proceeding in which the issue may arise." Unlike the issue of whether Stanley had a prior nonviolent or violent felony—which first arose at Stanley's resentencing hearing and Stanley never had the chance to contest—Stanley had the opportunity to challenge whether the 1984 Florida robbery conviction was the equivalent of a New York felony for the purpose of designating him a second felony offender. Stanley was required to controvert the People's predicate statement to that effect at the original proceeding pursuant to CPL 400.21 (3) and (7) (b), but failed to do so. Nor is there any language in the 2009 DLRA permitting a defendant seeking resentencing to relitigate his predicate status. While a resentencing court may impose a more lenient sentence in accordance with the dictates of CPL 440.46 and Penal Law § 70.70, it may not revisit defendant's prior adjudication as a predicate felon. We make no comment on Stanley's remaining arguments premised on CPL 440.10 and 440.20.

Accordingly, the order of the Appellate Division in *People v Dais* should be affirmed, and the order of the Appellate Division in *People v Stanley* should be reversed and the matter remitted to Supreme Court for further proceedings in accordance with this opinion.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur.

In *People v Dais*: Order affirmed.

In *People v Stanley*: Order reversed, etc.