The plaintiffs commenced this action, inter alia, to recover damages for legal malpractice, alleging, among other things, that the defendants were negligent in representing the plaintiffs in connection with the preparation and execution of a partnership settlement agreement and management agreement. In an order entered April 4, 2011, the Supreme Court denied the plaintiffs’ motion pursuant to CPLR 602 (a) to join this action for trial with an action entitled Alizio v Perpignano, pending in the Supreme Court, Nassau County, under index No. 19181/03, and several related actions involving, among other things, the sale of the partnerships’ assets, on the ground that joinder would lead to confusion and unwieldiness, and might delay the malpractice case (see Alizio v Perpignano, 78 AD3d 1087 [2010]). The plaintiffs appeal, and we reverse.
Where, as here, common questions of law or fact exist, a motion pursuant to CPLR 602 (a) for a joint trial should be granted absent a showing of prejudice to a substantial right of the party opposing the motion (id. at 1088; see Mas-Edwards v Ultimate Servs., Inc., 45 AD3d 540, 540 [2007]; Perini Corp. v WDF, Inc., 33 AD3d 605, 606 [2006]). Here, the defendants failed to show prejudice to a substantial right if this action is joined with others for trial (see Moor v Moor, 39 AD3d 507, 507-508 [2007]). Moreover, mere delay is not a sufficient basis to justify the denial of a joint trial (see Perini Corp. v WDF, Inc., 33 AD3d at 606; Alsol Enters., Ltd. v Premier Lincoln-Mercury, Inc., 11 AD3d 494, 496 [2004]).
*518 Accordingly, the Supreme Court should have granted the plaintiffs’ motion to join this action for trial with the action entitled Alizio v Perpignano, pending in the Supreme Court, Nassau County, and several related actions previously joined for trial. Angiolillo, J.P., Lott, Roman and Miller, JJ., concur.