■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOANNE BAKER, Appellant. [960 NYS2d 511]—

Appeals by the defendant (1) from a judgment of the County Court, Westchester County (Zambelli, J.), rendered November 16, 2010, convicting her of grand larceny in the third degree and insurance fraud in the third degree, upon her plea of guilty, and imposing sentence; and (2) by permission, from an order of the same court dated July 27, 2011, which denied, without a hearing, her motion pursuant to CPL 440.10 to vacate the judgment of conviction rendered November 16, 2010.

Ordered that the judgment and the order are affirmed.

The defendant pleaded guilty to grand larceny in the third degree and insurance fraud in the third degree, arising out of her dishonest and fraudulent billing of an insurance company for certain of her dentistry patients.

"A plea of guilty will be upheld as valid if it was entered . . . voluntarily, knowingly, and intelligently" (*People v Bolton*, 100 AD3d 1011, 1012 [2012]; *see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]). Here, the defendant's plea of guilty was entered voluntarily, knowingly, and intelligently. Contrary to the defendant's contention, she was not coerced into pleading guilty by being forced to choose between admitting guilt and remaining free, or maintaining innocence and going to jail (*cf. People v Grant*, 61 AD3d 177, 183-184 [2009]). The defendant could have maintained her innocence and remained free on bail by choosing to proceed to trial. Under these circumstances, the defendant's plea of guilty represented a choice freely made by the defendant among legitimate alternatives (*see People v Hale*,

93 NY2d 454, 463 [1999]; *People v Alonzo*, 90 AD3d 1065 [2011]; *see also People v Grant*, 61 AD3d at 182).

Further, Penal Law § 65.10 (1) vests the trial court with discretion to set conditions of probation that will insure that the defendant will lead a law-abiding life, or that will assist the defendant in doing so. The prosecutor's terms of the plea that required that the defendant surrender her dental license, and the court's inclusion of the surrender as a specific condition of probation, were permissible exercises of prosecutorial and judicial discretion, respectively (*see People v Grant*, 61 AD3d at 182; *People v Eaddy*, 200 AD2d 896, 897 [1994]).

Accordingly, the judgment of conviction must be affirmed.

The County Court properly denied, without a hearing, the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, as the defendant failed to provide any nonhearsay evidence to contradict the record (*see* CPL 440.30 [4] [d]; *People v Mims*, 94 AD3d 909 [2012]). Dillon, J.P., Angiolillo, Leventhal and Sgroi, JJ., concur.