NEW YORK TILE WHOLESALE CORP., Appellant, v THOMAS FATATO REALTY CORP. et al., Defendants. (Action No. 1.) NEW YORK TILE WHOLESALE CORP., Appellant, v HERRICK, FEINSTEIN

LLP, et al., Respondents, et al., Defendants. (Action No. 2.) [982 NYS2d 328]—

In an action, inter alia, to recover damages for breach of a lease and tortious interference with the lease (action No. 1), and a related action, among other things, to recover damages for fraud and tortious interference with contract (action No. 2), the plaintiff in both actions appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated July 3, 2012, which granted the motion of Herrick, Feinstein LLP, and Roman A. Bejger, defendants in action No. 2, to join both actions for trial and to place venue of the joint trial in Kings County.

Ordered that the order is affirmed, with costs.

The plaintiff commenced an action, inter alia, to recover damages for breach of a lease and tortious interference with the lease (action No. 1), and commenced a separate action, among other things, to recover damages for fraud and tortious interference with contract (action No. 2), based on allegedly fraudulent representations made in conjunction with Action No. 1. Herrick, Feinstein LLP, and Roman A. Bejger (hereinafter together the Herrick defendants), defendants in action No. 2, moved to join both actions for trial and to place venue of the joint trial in Kings County, where action No. 1 was commenced. In an order dated July 3, 2012, the Supreme Court granted the motion.

The determination of a motion seeking a joint trial pursuant to CPLR 602 (a) "rests within the sound discretion of the trial court" (*Glussi v Fortune Brands*, 276 AD2d 586, 587 [2000]). "When there are common questions of law or fact, a joint trial is warranted unless the opposing party demonstrates prejudice to a substantial right" (*Pierre-Louis v DeLonghi Am., Inc.*, 66 AD3d 855, 856 [2009]). " 'The mere desire to have one's dispute heard separately does not, by itself, constitute a "substantial right" ' " (*Lingfei Sun v City of New York*, 99 AD3d 673, 675 [2012], *cert denied* 571 US —, 134 S Ct 92 [2013], quoting *Matter of Vigo S. S. Corp. [Marship Corp. of Monrovia]*, 26 NY2d 157, 162 [1970], *cert denied sub nom. Frederick Snare Corp. v Vigo Steamship Corp.*, 400 US 819 [1970], quoting *Matter of Symphony Fabrics Corp. [Bernson Silk Mills]*, 12 NY2d 409, 412 [1963]), nor is "mere delay . . . a sufficient basis to justify the denial of a joint trial" (*Alizio v Feldman*, 97 AD3d 517, 517 [2012]).

Contrary to the plaintiff's contention, the Supreme Court properly determined that the subject actions involved common questions of law or fact, and that the plaintiff failed to demon-

strate that a joint trial would result in prejudice to a substantial right (*see Alizio v Feldman*, 97 AD3d at 517; *Padela v Rosen & Weidberg*, 200 AD2d 722 [1994]).

The plaintiff's remaining contentions are either not properly before this Court or without merit.

Accordingly, the Supreme Court providently exercised its discretion in granting the Herrick defendants' motion to join the subject actions for trial and to place venue of the joint trial in Kings County. Rivera, J.P., Leventhal, Chambers and Lott, JJ., concur.