██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOANNE BAKER, Appellant. [32 NYS3d 288]—

Appeal by the defendant from an amended judgment of the County Court, Westchester County (Warhit, J.), rendered November 19, 2013, which, upon a finding that she violated a condition of the probation previously imposed by the same court (Zambelli, J.), upon her admission, imposed, inter alia, an extended period of probation.

Ordered that the amended judgment is affirmed.

Following the defendant's admission to a violation of probation, the County Court modified her sentence by tolling the five-year period of probation for a period of nine months from February 19, 2013, through November 19, 2013, thereby adding nine months to the term of probation, with the same terms and conditions and the addition of 100 hours of community service.

The defendant challenges the original probation condition that bars her from reapplying for her dentistry license. However, this Court's rejection of the defendant's claim on her prior appeal (*see People v Baker*, 104 AD3d 783, 784 [2013]) "constitutes the law of the case, and, absent a showing of 'manifest error' in the prior decision or that 'exceptional circumstances exist warranting departure from the law of the case doctrine', the defendant is precluded from having this issue reconsidered" (*People v Martinez*, 194 AD2d 741, 741-742 [1993], quoting *People v Barnes*, 155 AD2d 468, 469 [1989]; *see People v Riley*, 22 AD3d 609, 610 [2005]; *People v Taylor*, 87 AD2d 771, 772 [1982], *affd* 57 NY2d 729 [1982]). There is no basis here for reconsideration of that issue (*see* Penal Law § 65.10 [1]; *People v Griffith*, 239 AD2d 705, 706 [1997]; *People v Eaddy*, 200 AD2d 896, 897 [1994]).

To the extent the defendant contends that she was deprived of her right to the effective assistance of counsel, her waiver of her right to appeal precludes appellate review of that contention, except to the extent that the alleged ineffective assistance may have affected the voluntariness of her admission (*see People v Pryor*, 12 AD3d 695 [2004]). Insofar as the defendant may be understood to contend that counsel's alleged conflict of interest undermined the voluntariness of her admission, this contention is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a "mixed claim of ineffective assistance" (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Evans*, 16 NY3d 571, 575 n 2 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824, 825 [1981]; *People v Brown*, 45 NY2d 852, 853 [1978]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Marryshow*, 135 AD3d 964, 965 [2016]; *People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109).

The defendant's remaining contention is without merit. Dillon, J.P., Chambers, Barros and Brathwaite Nelson, JJ., concur.