People v Kaval (2021 NY Slip Op 02823)





People v Kaval


2021 NY Slip Op 02823


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-01933
 (Ind. No. 1376/12)

[*1]The People of the State of New York, respondent,
v
Rudolph Kaval, appellant.


Janet E. Sabel, New York, NY (Simon Greenberg of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Joseph N. Ferdenzi, and Christopher J. Blira-Koessler of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a resentence of the Supreme Court, Queens County (Ira H. Margulis, J.), imposed February 5, 2019, upon his convictions of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, after remittitur from this Court for resentencing (see People v Kaval, 154 AD3d 875).
ORDERED that the resentence is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for resentencing in accordance herewith.
The defendant was convicted at a jury trial of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (two counts). The People filed a statement pursuant to CPL 400.16 seeking to have the defendant adjudicated a persistent violent felony offender under Penal Law §§ 70.08 and 70.04(1)(b)(iv) and (v), based on his prior convictions of robbery in the second degree on March 27, 1987, and attempted robbery in the second degree on November 12, 1991. The defendant controverted the alleged tolling periods. Following a hearing, the Supreme Court adjudicated the defendant a persistent violent felony offender. On appeal, the People conceded that the sum of the defendant's incarceration dates did not amount to a sufficient tolling period so as to qualify the March 27, 1987 conviction as a predicate violent felony, and this Court vacated the defendant's sentence and remitted the matter to the Supreme Court, Queens County, for resentencing (People v Kaval, 154 AD3d 875).
Upon remittitur, the People filed a statement pursuant to CPL 400.16, again seeking to have the defendant adjudicated a persistent violent felony offender based on the same convictions that were the subject of the prior hearing, purportedly supported by evidence of additional periods during which the defendant was in the custody of the New York City Department of Correction. There is no indication that this information was not available to the People when the defendant was originally sentenced. The defendant objected to the admission of such evidence on the ground that the issue was decided by this Court on the prior appeal. The Supreme Court overruled the defendant's objection and adjudicated him a persistent violent felony offender. We reverse.
"The doctrine of the law of the case is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far [*2]as Judges and courts of co-ordinate jurisdiction are concerned" (Matter of Koegel, 184 AD3d 764, 765 [internal quotation marks omitted], lv granted 36 NY3d 905). "An appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court, as well as on the appellate court" (J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey, 45 AD3d 809, 809; see People v Evans, 94 NY2d 499, 503), and "'forecloses reexamination of [an issue previously determined] absent a showing of newly discovered evidence or a change in the law'" (Wolf Props. Assoc., L.P. v Castle Restoration, LLC, 174 AD3d 838, 842, quoting Kaygreen Realty Co., LLC v IG Second Generation Partners, L.P., 116 AD3d 667, 669).
Here, this Court previously determined, on the merits, that the defendant's incarceration dates did not amount to a sufficient tolling period so as to qualify the March 27, 1987 conviction as a predicate violent felony under Penal Law § 70.04(1)(b)(iv) and (v). The People had a full and fair opportunity to litigate this issue both at the initial hearing before the Supreme Court in 2013, and before this Court on appeal (see People v Evans, 94 NY2d at 502; People v Guerra, 65 NY2d 60, 63). Contrary to the People's contention, this Court's prior decision was not based in "'manifest error,'" nor do "'exceptional circumstances exist warranting departure from the law of the case doctrine'" (People v Baker, 139 AD3d 1078, 1079, quoting People v Martinez, 194 AD2d 741, 741-742 [internal quotation marks omitted]; see People v Barnes, 155 AD2d 468, 469). As such, the People are precluded from having the issue reconsidered by this Court (see People v Baker, 139 AD3d at 1079).
Upon remittitur, the Supreme Court should not have permitted the People to present additional evidence pertaining to the same prior conviction which they failed to prove at the initial hearing (see People v Havelka, 45 NY2d 636; cf. People v Sailor, 65 NY2d 224; People v Johnson, 57 AD3d 323, 324). Contrary to the conclusion of our dissenting colleague, the fact that the defendant moved to vacate his judgment of conviction pursuant to CPL 440.10 did not open the door to expand the record on direct appeal to support a new position taken by the People that was contrary to a position previously taken on direct appeal (see generally People v Sposito, 30 NY3d 1110), and no authority is cited in support of that theory. Nor was this a proceeding for resentencing pursuant to CPL 440.46, enacted for "certain controlled substance offenders."
Accordingly, we remit the matter to the Supreme Court, Queens County, to resentence the defendant as a second violent felony offender (see Penal Law § 70.04).
In light of our determination, we need not reach the defendant's further contention that the resentence was excessive.
HINDS-RADIX, BRATHWAITE NELSON and WOOTEN, JJ., concur.
DILLON, J.P., dissents, and votes to affirm the resentence, with the following memorandum:
I respectfully dissent and instead vote to affirm the resentence appealed from. In my view, there is actually more than one reason why the resentence should be affirmed.
The first reason involves the effect of this Court's vacatur of the defendant's original sentence, wherein the defendant was sentenced as a persistent violent felony offender under Penal Law §§ 70.08(1)(a) and 70.02 despite the failure of the People at that sentencing proceeding to produce documentation properly qualifying the defendant for such designation (see People v Kaval, 154 AD3d 875). This Court properly vacated the erroneous sentence and remitted the matter for resentencing. The conclusion that the defendant's initial persistent violent felony offender adjudication was unauthorized was based upon the record that was before this Court at that time, on that record.
Upon remittitur, the defendant moved in the Supreme Court to set aside the verdict and vacate the judgment of conviction (see CPL 330.30, 440.10) on the ground of the ineffectiveness of counsel in failing to adequately argue against the application of the persistent violent felony offender statute. CPL 330.30 and 440.10 motions frequently contemplate by their very nature the [*3]presentment of evidence outside of the existing record (see e.g. People v Neulander, 34 NY3d 110, 113 [CPL 330.30 motion]; People v McCoy, 188 AD3d 1262 [CPL 440.10]). In opposition, the People produced documentation from the New York City Department of Correction (hereinafter DOC) which had not been made available to the court at the initial sentence proceeding. The new documentation reflected the total length of the defendant's city and state incarcerations prior to the date of the instant offense and demonstrated that the defendant was, in fact, a persistent violent felony offender, upon taking into account the proper incarceration-related tolling provisions of Penal Law § 70.04(1)(b)(iv) and (v). The People maintained that they had erroneously conceded in the earlier appeal, based on the record available at that time, that the defendant was not a persistent violent felony offender. The People argued that the defendant's counsel could not have been ineffective for failing to oppose the defendant's status as a persistent violent felony offender if the defendant was, in fact, a persistent violent felony offender. The court permitted the new DOC documentation not only in denying the defendant's motion to set aside the verdict and vacate the judgment of conviction, but also for the resentencing itself.
On appeal, the defendant does not contest the accuracy of the documentation presented by the People at the resentencing proceeding showing that he qualifies as a persistent violent felony offender. Instead, he narrowly contends that the Supreme Court erred in considering the new evidence at all. However, by having raised the issue of his status as a persistent violent felony offender within the context of his motion alleging ineffective assistance of counsel, the defendant opened the door to the People's presentment of new documentation, in opposition to the motion, establishing the defendant's persistent violent felony offender history. "The 'opening the door' theory has been recognized in a variety of situations" (People v Melendez, 55 NY2d 445, 451) and "must necessarily be approached on a case by-case-basis" (id. at 452). Here, the door, once opened, permitted the court to properly consider the new DOC information upon its resentencing of the defendant. The defendant's motion evidence that his trial counsel was ineffective for failing to contest the defendant's status as a persistent violent felony offender at the original sentencing was directly relevant to impeaching and refuting the defendant's ineffectiveness claim (see People v Fardan, 82 NY2d 638, 646). Further, and contrary to the defendant's contention on appeal, the People's arguments in opposition to the defendant's motion grounded upon the new DOC material preserved the admissibility and relevance of those materials for appellate review here (see CPL 470.05[2]).
Further, in my opinion, the majority alternatively errs in failing to acknowledge that a resentencing proceeding is, in essence, a de novo proceeding. Where an appellate court vacates a sentence and remits the matter for resentencing, that order is merely a general one that allows the sentencing court to resentence the defendant in any legally appropriate manner (see People v Smith, 59 AD2d 618; United States v Powers, 842 F3d 177, 180 [2d Cir]; United States v Helton, 349 F3d 295 [6th Cir]). This Court in this instance vacated the original sentence and remitted the matter to the Supreme Court for resentencing based on the record before it, but without direction as to the specific resentence or procedures. Indeed, "a resentencing court is entitled, upon remittal, to perform a fresh sentencing calculation designed to 'achieve its over-all sentencing goal'" (People v Flowers, 28 NY3d 536, 542, quoting People v Young, 94 NY2d 171,180).
The de novo character of the defendant's resentence has been expressly recognized as such by the courts of our state. In People v Parker (98 AD3d 908, 908), the Appellate Division, First Department, held that "[i]n a resentencing proceeding under CPL 440.46, the court properly made a de novo determination of whether defendant was previously convicted of a violent felony." Indeed, the status of a defendant at resentencing after remittitur is the same as that of the defendant before the imposition of the original sentence (see People v Sullivan, 3 NY2d 196, 198; People v Burdash, 102 AD2d 948, 949; People v Bickel, 28 AD2d 1164, 1165).
Consistent with the de novo nature of a resentence, courts at resentencing have the discretion to obtain and consider updated presentence reports on the defendant (see People v Kuey, 83 NY2d 278, 282-283), and oftentimes do so. Here, the defendant advanced arguments at resentencing that he had received no disciplinary violations while incarcerated between the time of the original sentence proceeding and the resentence proceeding, and that he had been making [*4]positive progress with his rehabilitative programs. He also submitted a report from the New Era Court Liaison and Advocacy Program and a memorandum from an offender rehabilitation coordinator with the New York State Department of Corrections and Community Supervision attesting to the defendant's remorse and his desire to regain trust in himself and from his family. Those documents and arguments are quintessentially de novo in nature. They appear to have been persuasive as the Supreme Court, which had initially sentenced the defendant to an indeterminate term of imprisonment of 23 years to life on the top count, resentenced the defendant to an indeterminate term of imprisonment of 20 years to life on that count, representing a three-year reduction of the initial sentence. The defendant cannot have his cake and eat it too by using the resentencing proceeding to make tangible and apparently successful de novo arguments in his favor, while simultaneously maintaining that the People are prohibited from making new arguments intended to merely apply the proper sentence statute in the proper manner.
Also instructive is the decision in People v Dais (19 NY3d 335), in which the Court of Appeals dealt with a circumstance where a defendant was eligible for resentencing under the Drug Law Reform Act of 2009 (hereinafter DLRA). At the initial pre-DLRA sentence, the defendant Quinton Dais was sentenced as a second felony offender, as a result of a prior conviction of criminal sale of a controlled substance in the third degree, to an indeterminate term of imprisonment of 7 to 14 years, which was affirmed on appeal (see id. at 339). When Dais was later resentenced under the DLRA, the People sought to introduce for the first time documentation that Dais had been convicted of the prior violent felony of robbery in the second degree, which elevated the range of DLRA sentences Dais could potentially receive (compare Penal Law § 70.70[3][a], with id. § 70.70[4][a]). Dais argued that because his initial sentence had been affirmed on appeal without any reference in that record to his robbery conviction, the People at resentencing were precluded by the doctrines of collateral estoppel and law of the case from "litigating anew" his predicate felony status. The Court of Appeals rejected Dais's argument by noting, crucially, that at the DLRA resentencing, the People were statutorily required by CPL 400.21(2) to file a predicate felony statement when information "indicates that the defendant may have previously been subjected to a predicate felony conviction" and that such "predicate felony conviction was a violent felony" (see People v Dais, 19 NY3d at 344).
In the instant appeal, CPL 400.15(2) likewise expressly requires that the People file a statement at sentencing setting forth the date and place of each of the defendant's predicate felony convictions (see generally People v Diggins, 11 NY3d 518, 523). When Penal Law § 70.04(1)(b)(iv) and (v) apply, as here, the People's statement must also disclose the commencement and termination dates of the defendant's prior imprisonment. These dates allow for a proper calculation of the tolling provisions against the 10-year period prior to the commission of the offense (see CPL 400.15[2]) for determining whether the defendant is a qualifying persistent violent felony offender within that time frame. Similarly, CPL 400.16(1) directs that the persistent violent felony procedures "must be followed in any case" by the sentencing court where it appears the defendant has been convicted of two or more qualifying predicate violent felony offenses (see People v Rivera, 143 AD3d 1002, 1003). Therefore, at the defendant's resentencing proceeding, the People were statutorily required to disclose to the Supreme Court the defendant's prior conviction of robbery in the second degree and its relevant dates, and the court was statutorily required to accept it for consideration, just as in Dais the People were statutorily required to disclose for the DLRA resentence Dais's prior predicate felony convictions and whether any such conviction was a violent felony.
The defendant's motion, inter alia, to vacate the judgment, which opened the door to new DOC documentation in response, and alternatively, the de novo character of the resentencing proceeding, render the doctrines of collateral estoppel or law of the case inapplicable (see People v O'Toole, 22 NY3d 335, 339 [as to collateral estoppel]; People v Sailor, 65 NY2d 224, 227-228 [same]). Likewise, the defendant's analogies to the appellate review of pretrial suppression determinations (see e.g. People v Cook, 34 NY3d 412) are also inapposite.
On the record before us here, as distinguished from the original and different record before this Court on the prior appeal, the defendant was properly resentenced based upon his documented and uncontested status as a persistent violent felony offender. At the resentencing [*5]proceeding, the defendant's motion, inter alia, to vacate the judgment opened the door to the issue of his qualifying status as a persistent violent felony offender, and in any event, the resentencing proceeding was de novo and therefore untethered to this Court's review of the earlier sentence.
In reaching the defendant's resentence on the merits, the defendant's resentence was three years less than the original sentence. The Supreme Court did not improvidently exercise its sentencing discretion during resentencing (see People v Suitte, 90 AD2d 80, 86).
Accordingly, for the reasons stated, I vote to affirm the resentence appealed from.
ENTER:
Aprilanne Agostino
Clerk of the Court