New York Tile Wholesale Corp. v Thomas Fatato Realty Corp. (2022 NY Slip Op 03001)

New York Tile Wholesale Corp. v Thomas Fatato Realty Corp.

2022 NY Slip Op 03001

Decided on May 4, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2020-03290
 (Index Nos. 49320/01, 515280/18)

[*1]New York Tile Wholesale Corp., appellant,
v
Thomas Fatato Realty Corp., et al., respondents. (Action No. 1.)
New York Tile Wholesale Corp., etc., appellant,
v
Herrick Feinstein, LLP, respondent, et al., defendants. (Action No. 2.)

Feder Kaszovitz, LLP, New York, NY (Murray L. Skala and Bruce Robins of counsel), for appellant.
Harris Beach, PLLC, White Plains, NY (Darius P. Chafizadeh of counsel), for respondents in Action No. 1.
Pillsbury Winthrop Shaw Pittman, LLP, New York, NY (David G. Keyko and Jay D. Dealy of counsel), for respondent in Action No. 2.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of a lease and for specific performance of a provision of the lease, and a related action, among other things, to recover damages for a violation of Judiciary Law § 487, the plaintiff in both actions appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated January 30, 2020. The order, insofar as appealed from, denied the plaintiff's motion, among other things, for leave to renew its opposition to the motion of Herrick Feinstein, LLP, and Roman A. Bejger, defendants in Action No. 2, inter alia, to join both actions for trial, which had been granted in an order of the same court dated July 3, 2012.
ORDERED that the order dated January 30, 2020, is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff commenced an action, inter alia, to recover damages for breach of a lease and for specific performance of a provision of the lease (hereinafter Action No. 1), and commenced a separate action, among other things, to recover damages for a violation of Judiciary Law § 487 (hereinafter Action No. 2), based on allegedly fraudulent representations made in conjunction with Action No. 1. Herrick Feinstein, LLP (hereinafter Herrick), and Roman A. Bejger (hereinafter together the Herrick defendants), defendants in Action No. 2, moved, inter alia, to join both actions for trial. In an order dated July 3, 2012, the Supreme Court granted the motion. The plaintiff appealed, and on March 19, 2014, this Court affirmed the order dated July 3, 2012 (see New York Tile Wholesale Corp. v Thomas Fatato Realty Corp., 115 AD3d 832).
After filing a note of issue and certificate of readiness in both actions, the plaintiff moved, inter alia, for leave to renew its opposition to the Herrick defendants' motion, arguing that, while Action No. 1 was ready for trial, considerable discovery remained in Action No. 2 such that the actions should no longer be joined. In an order dated January 30, 2020, the Supreme Court, inter alia, denied the plaintiff's motion. The plaintiff appeals.
An appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court, as well as on the appellate court (see People v Kaval, 194 AD3d 746, 747; Northern Blvd Corona, LLC v Northern Blvd Prop., LLC, 181 AD3d 690, 691; J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey, 45 AD3d 809). On the prior appeal, this Court considered and affirmed the determination to join the two actions for trial. The doctrine of the law of the case (see Martin v City of Cohoes, 37 NY2d 162, 165) operates to foreclose re-examination of the issue absent a showing of new factual circumstances, additional relevant evidence, or a change in the law that would warrant reconsideration of the issue (see Pascual v Rustic Woods Homeowners Assn., Inc., 173 AD3d 756, 757; Matter of Norton v Town of Islip, 167 AD3d 624, 626; J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey, 45 AD3d at 809).
Here, contrary to the plaintiff's contention, it failed to demonstrate new factual circumstances, additional relevant evidence, or a change in the law that would warrant reconsideration of the issue of joinder (see generally Northern Blvd Corona, LLC v Northern Blvd Prop., LLC, 181 AD3d at 691; Pascual v Rustic Woods Homeowners Assn., Inc., 173 AD3d at 757; Matter of Norton v Town of Islip, 167 AD3d at 626). Accordingly, the Supreme Court properly denied the plaintiff's motion.
BRATHWAITE NELSON, J.P., CHAMBERS, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court