■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO CAJIGAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered January 5, 1989, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to disprove beyond a reasonable doubt that he was acting solely as an agent of the buyer, an undercover police officer. To be an agent of a buyer of narcotics, a defendant must be a mere extension of the buyer (see, People v Argibay, 45 NY2d 45, cert

*denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930). Viewing the evidence in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. The undercover police officer testified that the defendant initiated the drug-related conversation by asking, "What are you looking for chief?" The defendant then stated that he only had "nickels," easily gained access to the apartment where the drugs were allegedly located, and sold the officer four vials of crack-cocaine. Accordingly, the jury could reasonably conclude from the defendant's actions that he was a "streetwise peddler" *(People v Scott,* 134 AD2d 379, 380) ready to enter into a drug sale. Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's assertion that the court improvidently exercised its discretion in rendering its *Sandoval* ruling is without merit *(see, People v Bennette,* 56 NY2d 142; *People v Sandoval,* 34 NY2d 371). Here, the court balanced the probative worth of the defendant's prior convictions against their potential prejudice. The mere fact that some of the convictions were more than 10 years old did not, by itself, mandate preclusion of cross-examination with regard to them *(see, People v Salcedo,* 133 AD2d 129). The court did not improvidently exercise its discretion in allowing the People to inquire about eight of the defendant's prior criminal acts *(see, People v Monko,* 162 AD2d 553; *People v Bowles,* 132 AD2d 465).

Finally, the defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Lawrence, Kunzeman and Rosenblatt, JJ., concur.