■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO DIAZ, Appellant. [621 NYS2d 36] —Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered January 5, 1993, convicting defendant, after nonjury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him to concurrent terms of 1 to 3 years and 1 year, respectively, unanimously affirmed.

The trial court properly granted the People's application to close the courtroom since the undercover officer had ongoing investigations in the same area where the drug sale in question occurred, and she intended to return to the area in the near future *(People v Badillo,* 207 AD2d 742).

Defendant was not denied his right to counsel during the Grand Jury proceeding pursuant to CPL 190.52 (1). Even if counsel sat 20 feet away from defendant during the Grand Jury proceedings, there is no indication in the record either that the prosecutor prevented defendant from conferring with his attorney, or that defendant sought to confer with counsel and was unable to do so. Concur—Ellerin, J. P., Wallach, Asch and Nardelli, JJ.