OPINION OF THE COURT
John V. Vaughn, J.
Defendant, charged with perjury, third degree, and criminal contempt, second degree, moves to inspect the Grand Jury *166 minutes, dismiss the indictment for legal insufficiency of the evidence and defective Grand Jury proceedings, a dismissal in the interest of justice, and other items of omnibus relief. On a prior application to review the Grand Jury minutes this court had reduced the charge from perjury, first degree, to perjury, third degree.
Defective Grand Jury Proceedings
The defendant has, inter alia, moved to dismiss the indictment upon the grounds that the proceedings were defective because (1) defendant was denied his right to have an attorney present with him in the Grand Jury room; (2) defendant was denied due process because of the prosecutor’s improper conduct in interrupting his testimony, and (3) the prosecutor utilized the Grand Jury as a perjury trap rather than a vehicle to investigate and prosecute substantive criminal activities. The People oppose the application and maintain that the statute does not mandate that the defendant’s attorney be in the Grand Jury room as long as the witness is provided access to that attorney and denies any improper questioning of the witness or the improper use of the proceeding as a perjury trap. The parties have framed this application as applying to a single Grand Jury proceeding and the court has directed its response accordingly.
The statute involved provides that a Grand Jury proceeding is defective when the proceeding otherwise fails to conform to the requirements of CPL article 190 to such a degree that the integrity thereof is impaired and prejudice to the defendant may result (CPL 210.35 [5]). Contrary to the People’s position, CPL article 190 specifically grants the witness the right to have his attorney in the Grand Jury room (CPL 190.25 [3] [f]) to provide him with any advice he might need (CPL 190.52 [2]). Thus, it is quite clear that article 190 has been violated by the prosecutor and it only remains to be determined- whether this violation impaired the integrity of the Grand Jury and that prejudice to the defendant might result (see, People v Williams, 73 NY2d 84, 90 [1989]).
Prior to the passage of this statute a witness before the Grand Jury had only a limited right to consult with his attorney who had to remain outside the Grand Jury room (People v Ianniello, 21 NY2d 418 [1968]). It was felt that this limited right to consult did not provide a witness with sufficient protection in all situations particularly in the area of perjury and contempt of court where the advice of counsel was felt to be *167 particularly relevant (Matter of People v Riley, 98 Misc 2d 454 [1979]).
The statute represents a balance between fairness to the witnesses before the Grand Jury and concern that the presence of counsel would interfere with the Grand Jury proceedings. The balance was achieved by limiting the role of counsel to that of merely advising the witness but not otherwise permitting him to participate in the proceeding. A violation of the defendant’s right to counsel before the Grand Jury could result in dismissal of the indictment (see, People v Smays, 156 Misc 2d 621 [1993]).
In this case the defendant appeared before the Grand Jury investigating charges of grand larceny and falsifying business records in response to a subpoena requiring the production of the records of National Leisure Systems Inc., doing business as Rolling Hills Day Camp. There is a dispute between counsel as to whether defendant’s attorney advised the prosecutor that it was counsel’s understanding that any records in the possession of the defendant were not records of National Leisure Systems Inc. but were records concerning the Rolling Hills Day Camp and had nothing to do with the company known as National Leisure Systems Inc. However, there is no dispute that the prosecutor did not permit the defense counsel to appear with the witness before the Grand Jury.
The Grand Jury records establish that the District Attorney specifically advised the defendant of his right to confer with his attorney, and that, she, in fact, at one point in the proceeding, suggested that he might wish to consult with his attorney. The record further disclosed that the defendant had some confusion over the nature of the records involved. The subpoena called for the records of National Leisure Systems Inc. but the questioning of the defendant referred only to Rolling Hills Day Camp which the witness felt was a separate entity. After consultation with his attorney the defendant reappeared and was questioned as follows:
”Q Mr. Biro, are you prepared to produce records to this Grand Jury?
"A My attorney told me that the subpoena stated: National Leisure—
"Q Doing business as Rolling Hills Day Camp.
"A That is the point of clarification.
"Q I will end this questioning at this time. I’ll ask you to leave the room.”
*168 Under these circumstances the court finds that the absence of counsel at this critical moment impaired the integrity of the Grand Jury and resulted in prejudice to the defendant.
The cases relied upon by the People are not controlling. In People v Diaz (211 AD2d 402, lv denied 85 NY2d 972 [1995]) the attorney was actually present in the Grand Jury room. In People v Arias (July 18, 1996, indictment No. 419A-96) the court in an unreported opinion held that the defendant was not deprived of his right to counsel who was present outside the Grand Jury room. In that case the court relied upon cases decided prior to the statute granting the right of an attorney to be present. Moreover the court noted that not only had the defendant never requested a ruling to permit counsel to be present but also was not prejudiced because he had sought and received counseling on three occasions during the presentment.
Accordingly, the application to dismiss the indictment is granted.