■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SAIN, Appellant. [691 NYS2d 64] —Appeal by the defendant from a judgment of the County Court, Westchester County (Ryan, J.), rendered April 18, 1997, convicting him of robbery in the first degree (2 counts), robbery in the second degree (3 counts), grand larceny in the third degree, grand larceny in the fourth degree (18 counts), burglary in the first degree, and menacing in the second degree (2 counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The determination as to whether to allow a defendant to

withdraw a previously-entered plea of guilty rests within the sound discretion of the sentencing court. Only in rare instances will a defendant be entitled to an evidentiary hearing upon a motion to withdraw a plea of guilty (*see,* CPL 220.60 [3]; *People v Frederick,* 45 NY2d 520, 524; *People v Tinsley,* 35 NY2d 926, 927; *People v Santana,* 176 AD2d 360). The County Court did not improvidently exercise its discretion in denying the defendant's motion to withdraw his plea without conducting a hearing.

The defendant's contention that the indictment was jurisdictionally defective because the Grand Jury which heard the case voted an indictment after its term had expired is based on matters which are dehors the record. Mangano, P. J., Santucci, Krausman, Florio and H. Miller, JJ., concur.