■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES HODGES, Appellant. [692 NYS2d 92] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Schulman, J.), rendered January 28, 1997, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court did not err in denying that branch of the defendant's omnibus motion which was to suppress physical evidence without conducting a *Mapp/Dunaway* hearing. A court may summarily deny a motion to suppress where "[t]he sworn allegations of fact do not as a matter of law support the ground alleged" (CPL 710.60 [3] [b]). Here, the defendant generally alleged merely that he was present in the area, and he failed to challenge the People's specific factual allegations regarding the drug transaction at issue and his subsequent voluntary abandonment of the jacket containing the drugs. Accordingly, his motion papers did not allege sufficient facts to warrant a hearing (*see, People v Mendoza,* 82 NY2d 415).

Furthermore, we discern no improvident exercise of discretion in the trial court's *Sandoval* ruling, since the court balanced the relevant factors in reaching an appropriate compromise (*see generally, People v Walker,* 83 NY2d 455; *People v Pavao,* 59 NY2d 282; *People v Sandoval,* 34 NY2d 371; *People v Ramsey,* 220 AD2d 697; *People v Simmons,* 213 AD2d 433).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are unpreserved for appellate review or without merit. Bracken, J. P., S. Miller, Thompson and Sullivan, JJ., concur.