THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH PLUMMER, Appellant. [889 NYS2d 572]—

The People made a sufficiently particularized showing of an overriding interest justifying the court's closure of the courtroom during the testimony of two undercover officers (*see People v Ramos*, 90 NY2d 490, 498-500 [1997], *cert denied sub nom. Ayala v New York*, 522 US 1002 [1997]). Each officer established that he expected to resume undercover operations in the specific area of defendant's arrest in the very near future. The officers also had pending cases and took precautions to avoid being recognized. Accordingly, there was a substantial probability that each officer's safety and effectiveness would be jeopardized by his testimony in open court (*see People v Jones*, 96 NY2d 213, 220 [2001]).

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]). The court precluded elicitation of the underlying facts of defendant's convictions, and it only permitted the People to identify a few of these convictions. We conclude that the number of convictions permitted was not excessive in light of defendant's extensive record and the court's steps to limit prejudice. Concur—Mazzarelli, J.P., Sweeny, Catterson, Freedman and Roman, JJ.