■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID REDMOND, Appellant. [901 NYS2d 694]—

Appeal by the defendant from a resentence of the County Court, Orange County, (DeRosa, J.), imposed August 29, 2007, after a hearing, held upon remittitur from this Court (*see People v Redmond*, 41 AD3d 514 [2007]), upon his conviction of course of sexual conduct against a child in the first degree, course of sexual conduct against a child in the second degree, rape in the first degree, sodomy in the first degree, sexual abuse in the second degree (four counts), and endangering the welfare of a child, upon a jury verdict.

Ordered that the resentence is affirmed.

The defendant was convicted, inter alia, of multiple counts of sexually abusing a child. Upon direct appeal from the judgment, this Court agreed with the defendant's contention that the sentencing court erred at the second felony offender hearing when it admitted into evidence a certificate of conviction from South Carolina which was not accompanied by the certification required by CPLR 4540 (c). As a result, we vacated the sentence and remitted the matter to the County Court, Orange County, for a new second felony offender hearing, at which the People would have the opportunity to overcome the technical defects of their proof, and for resentencing (*see People v Redmond*, 41 AD3d at 515).

On appeal from the resentence, the defendant does not contend that the certification was defective. Rather, the defendant contends that the resentencing court's reliance on the certificate violated his right of confrontation and that a jury should have decided the fact of his prior conviction. However, the defendant admitted, under oath, the conviction that the certificate was offered to prove. Accordingly, the defendant's contentions are without merit (*see* CPL 400.19 [6]; *Oregon v Ice*, 555 US —, 129 S Ct 711, 714 [2009]; *Blakely v Washington*, 542 US 296, 301 [2004]; *People v Leon*, 10 NY3d 122, 125-127 [2008]; *People v Thomas*, 47 AD3d 850, 851 [2008]; *United States v Martinez*,

413 F3d 239, 242 [2005]). Rivera, J.P., Fisher, Florio and Austin, JJ., concur.