■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARC C. ENGLISH, Appellant. [988 NYS2d 697]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Knopf, J.), rendered May 24, 2012, convicting him of criminal mischief in the third degree, unauthorized use of a motor vehicle in the second degree, and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the integrity of the grand jury proceedings was not impaired when defense counsel's supervisor was not permitted to be in the grand jury room during the defendant's testimony. The defendant was not deprived of his right to counsel pursuant to CPL 190.52. Defense counsel was present in the grand jury room, and there is nothing in the record to indicate that he was incapable of effectively representing the defendant at the grand jury proceedings (*see People v Sutton*, 43 AD3d 133, 136 [2007]). There is no indication in the record that the prosecutor prevented the defendant from conferring with his attorney during the grand jury proceedings, or that the defendant sought to confer with counsel and was unable to do so (*see People v Diaz*, 211 AD2d 402 [1995]). The defendant was permitted to speak with counsel each time he asked to do so. The defendant's remaining contentions regarding the grand jury proceedings are based upon matter dehors the record and cannot be reviewed on this direct appeal from the judgment of conviction (*see People v Sivels*, 114 AD3d 708 [2014]; *People v Palmer*, 29 AD3d 606 [2006]; *People v Sain*, 261 AD2d 488 [1999]).

The Supreme Court did not improvidently exercise its discretion in denying the defendant's *Batson* challenge (*see Batson v Kentucky*, 476 US 79 [1986]). The prosecutor provided race-neutral reasons for exercising a peremptory challenge against a prospective juror, which were focused on her quiet demeanor and whether she would be able to speak up during deliberations (*see People v Wells*, 7 NY3d 51, 58 [2006]). The defendant failed to prove purposeful discrimination by the prosecution in exercising a peremptory challenge against the prospective juror, and there is no basis to disturb the court's determination that the prosecutor's proffered race-neutral reasons were not pretextual (*see People v Hecker*, 15 NY3d 625, 656 [2010]; *People v Carrington*, 105 AD3d 970 [2013]).

Finally, the Supreme Court's *Sandoval* ruling (*see People v*

*Sandoval*, 34 NY2d 371 [1974]) was not an improvident exercise of discretion. The court balanced the relevant factors and formulated an appropriate compromise (*see People v Stewart*, 265 AD2d 586 [1999]; *People v Hodges*, 262 AD2d 332 [1999]). The court permitted the People to inquire as to the names and underlying facts of only three offenses: criminal sale of marijuana in the fourth degree, resisting arrest, and bail jumping. None of those offenses was the same as or similar to any of the offenses charged in the instant case, and thus, any questioning as to the facts of the prior offenses would not have had the effect of establishing that the defendant had a propensity to commit the crimes charged (*see People v Lebron*, 213 AD2d 678 [1995]). The offenses of criminal sale of marijuana in the fourth degree, resisting arrest, and bail jumping reflect the defendant's willingness to place his own interests above those of society and were relevant to his credibility, and the court properly balanced their probative value against the risk of unfair prejudice (*see People v Alnutt*, 101 AD3d 1461 [2012]; *People v Salsbery*, 78 AD3d 1624 [2010]; *People v Grady*, 40 AD3d 1368 [2007]; *People v Hunter*, 180 AD2d 752 [1992]). The number of convictions as to which inquiry was permitted was not excessive in light of the defendant's extensive record and the steps taken by the court to limit the prejudice to the defendant (*see People v Plummer*, 68 AD3d 416 [2009]). Furthermore, the fact that some of the convictions were more than 10 years old did not mandate preclusion (*see People v Moise*, 199 AD2d 423 [1993]; *People v Cajigas*, 168 AD2d 628 [1990]). Because the facts of the crimes with which the defendant was charged here, and the crimes about which the court permitted the People to inquire were not similar, the court's ruling did not prevent the defendant from testifying at trial (*see People v Perez*, 130 AD2d 595 [1987]; *People v Cuesta*, 119 AD2d 688 [1986]). Dillon, J.P., Lott, Austin and Barros, JJ., concur.