■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGNER I. FLORES, Appellant. [53 NYS3d 556]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered February 23, 2015, convicting him of course of sexual conduct against a child in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Between March 2010 and November 2010, the defendant allegedly engaged in repeated acts of sexual contact with the 10-year-old son of his girlfriend, including acts of oral and anal sexual intercourse. After a jury trial, the defendant was convicted of course of sexual conduct against a child in the first degree and endangering the welfare of a child.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of the charges beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's claims regarding the integrity of the grand jury proceedings, and that he was denied the effective assistance of counsel in connection with the grand jury proceedings, are based upon matters dehors the record and cannot be reviewed on this direct appeal from the judgment of conviction (*see People v English*, 119 AD3d 706 [2014]; *People v Redmond*, 41 AD3d 514, 515-516 [2007]; *People v Palmer*, 29 AD3d 606 [2006]; *People v Sain*, 261 AD2d 488 [1999]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Balkin, Chambers and Cohen, JJ., concur.