People v Geritano (2018 NY Slip Op 01079)





People v Geritano


2018 NY Slip Op 01079


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
L. PRISCILLA HALL
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2013-11100
 (Ind. No. 260/13)

[*1]The People of the State of New York, respondent,
v
Battista Geritano, appellant.


Battista Geritano, Dannemora, NY, appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jodi L. Mandel, and John C. Carroll of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Albert Tomei, J.), rendered December 6, 2013, convicting him of attempted assault in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the People violated his Brady rights (see Brady v Maryland, 373 US 83) and his right to present a defense by failing to preserve certain surveillance videotape is unpreserved for appellate review, as he failed to raise this claim before entry of the verdict, consented to the Supreme Court giving the jury a missing evidence charge with respect to the missing surveillance video, and did not raise any objections to the charge as given (see CPL 470.05[2]; People v Padro, 75 NY2d 820, 821; People v Robinson, 225 AD2d 399, 400). In any event, the defendant's contention is without merit (see People v Hardy, 20 NY2d 663, 669).
The defendant's contentions that the integrity of the grand jury proceeding was impaired by certain evidentiary errors and prosecutorial misconduct are without merit. The defendant failed to show that the People knowingly withheld any of the video surveillance from the grand jury, or knowingly misrepresented the subject matter of the testimony that would have been given before the grand jury by the defendant's proffered witnesses (see People v Avilla, 212 AD2d 800, 800-801). Moreover, it was not improper for the prosecutor to omit, from his summary to the grand jury of the proffered testimony of one of the defense witnesses, those portions of the proffered testimony which would have constituted impermissible hearsay (see People v Swamp, 84 NY2d 725, 730; People v Simon, 101 AD3d 908, 909).
The defendant's remaining contentions are not subject to review on direct appeal because they involve allegations that are dehors the record, which should be raised on a motion to vacate the judgment pursuant to CPL 440.10 (see People v Jackson, 29 NY3d 18, 24; People v Flores, 151 AD3d 740, 741; People v Singh, 147 AD3d 787, 788; People v Macaluso, 144 AD3d 947, 947; People v Morrow, 143 AD3d 919, 920; People v Bruno, 127 AD3d 986, 987).
CHAMBERS, J.P., HALL, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court