People v Petion (2020 NY Slip Op 04972)





People v Petion


2020 NY Slip Op 04972


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2016-03888
 (Ind. No. 1722/13)

[*1]The People of the State of New York, respondent,
v
Rubens Petion, appellant.


Beverly Van Ness, New York, NY, for appellant, and appellant pro se.
Madeline Singas, District Attorney, Mineola, NY (Kevin C. King and John B. Latella of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Terence P. Murphy, J.), rendered April 11, 2016, convicting him of robbery in the first degree (two counts) and robbery in the second degree (three counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged and tried for his role as the getaway driver for a gunpoint robbery of a car dealership located in Franklin Square.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdicts of guilt were not against the weight of the evidence.
The defendant testified on his own behalf at the trial and claimed, inter alia, that two of his codefendants were not passengers in the getaway car, even though the People adduced evidence at the trial that one of those two codefendants was observed by police officers fleeing on foot from the car, and that the other codefendant was arrested along with the defendant upon their exit from the car. On appeal, the defendant posits that the jury may have found his testimony unbelievable, and contends that he was unduly prejudiced by the Supreme Court's alleged failure to instruct the jury that the People had a burden to provide "evidence independent of [the] proof of guilt" (O'Donnell v State of New York, 26 AD3d 59, 64), that his testimony was false, in order to consider his testimony as evidence of his consciousness of guilt. The defendant failed to preserve this contention for appellate review (see CPL 470.05[2]). In any event, despite the defendant's arguments to the contrary, no such instruction was required here (cf. People v Young, 266 AD2d 93, 94; People v Abdul-Malik, 61 AD2d 657, 661; People v Cright, 47 AD2d 906, 906).
The defendant's contention that certain remarks made by the prosecutor in summation improperly shifted the burden of proof is unpreserved for appellate review (see CPL 470.05[2]; People v Beaupre, 170 AD3d 1031, 1033). In any event, the challenged remarks were not improper, in that they "remained within the broad bounds of rhetorical comment permissible in summations" (People v Flowers, 102 AD3d 885, 886; see People v Powell, 288 AD2d 239, 240; People v Olds, 222 AD2d 531, 532).
Contrary to the defendant's contentions, raised in his pro se supplemental brief, his challenges to the felony complaints are academic, since the felony complaints were superseded by an indictment (see People v Brown, 170 AD3d 878, 880; People v Barnett, 108 AD3d 638, 638).
The contentions raised by the defendant in his pro se supplemental brief regarding the grand jury proceeding are not subject to review on direct appeal because they involve allegations that are dehors the record, which should be raised in a motion pursuant to CPL 440.10 to vacate the judgment (see People v Flores, 151 AD3d 740, 741; People v English, 119 AD3d 706; People v Redmond, 41 AD3d 514, 515-516; People v Palmer, 29 AD3d 606; People v Sain, 261 AD2d 488). Likewise, the defendant's contention that the People withheld certain alleged Brady material (see Brady v Maryland, 373 US 83) is not properly raised on direct appeal, and should also be raised in a motion pursuant to CPL 440.10 to vacate the judgment, because the facts supporting the defendant's claim are dehors the record (see People v Ellis, 166 AD3d 993, 994, affd 34 NY3d 1092; People v Geritano, 158 AD3d 724, 725; People v Wilson, 283 AD2d 339, 340).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., BALKIN, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court