People v Dennis (2025 NY Slip Op 07018)

People v Dennis

2025 NY Slip Op 07018

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
ELENA GOLDBERG VELAZQUEZ, JJ.

2021-01408
 (Ind. No. 1690/18)

[*1]The People of the State of New York, respondent,
v
Sunetta Dennis, appellant.

Sabato Caponi, Bohemia, NY, for appellant, and appellant pro se.
Raymond A. Tierney, District Attorney, Riverhead, NY (Kathleen Becker Langlan and Marion Tang of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Stephen Braslow, J.), rendered January 7, 2021, convicting her of manslaughter in the first degree, upon her plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant entered a plea of guilty to manslaughter in the first degree. Prior to sentencing, the defendant, in effect, made a pro se motion to withdraw her plea of guilty and for the assignment of new counsel. The County Court denied the defendant's motion, without a hearing, and imposed sentence.
"A motion to withdraw a plea of guilty rests within the sound discretion of the court, and generally the court's determination will not be disturbed absent an improvident exercise of the court's discretion" (People v Roberts, 210 AD3d 1014, 1014 [internal quotation marks omitted]; see CPL 220.60[3]; People v Alexander, 97 NY2d 482, 485). "Generally, a plea of guilty may not be withdrawn absent some evidence of innocence, fraud, or mistake in its inducement" (People v Jackson, 170 AD3d 1040, 1040 [internal quotation marks omitted]; see People v Corines, 204 AD3d 827, 828; People v Rodriguez, 142 AD3d 1189, 1190). "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry 'rest[s] largely in the discretion of the Judge to whom the motion is made' and a hearing will be granted only in rare instances" (People v Brown, 14 NY3d 113, 116, quoting People v Tinsley, 35 NY2d 926, 927; see People v Kazimer, 210 AD3d 1109, 1110).
Here, the County Court providently exercised its discretion in denying, without a hearing, that branch of the defendant's motion which was to withdraw her plea of guilty. Reviewing the record as a whole and the circumstances surrounding the entry of the plea (see People v Sougou, 26 NY3d 1052, 1055), we conclude that the defendant's plea of guilty was knowingly, voluntarily, and intelligently made (see People v Kazimer, 210 AD3d at 1110; People v Hollman, 197 AD3d 484, 484-485). The defendant's assertions in support of that branch of her motion which was to withdraw her plea of guilty were unsubstantiated and contradicted by the record of the plea proceeding (see People v Harrison, 235 AD3d 996, 997; People v Caruso, 88 AD3d 809, 810).
Moreover, the County Court providently exercised its discretion in denying that branch of the defendant's motion which was for the assignment of new counsel. "The right of an [*2]indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at defendant's option" (People v Washington, 25 NY3d 1091, 1095 [internal quotation marks omitted]; see People v Graham, 188 AD3d 909, 909). "Rather, a defendant may be entitled to new counsel only 'upon showing good cause for a substitution, such as a conflict of interest or other irreconcilable conflict with counsel'" (People v Fredericks, 43 NY3d 551, 557 [internal quotation marks omitted], quoting People v Washington, 25 NY3d at 1095). "A trial court's duty to consider substitution arises only where [the] defendant makes a seemingly serious request" (People v Milonovich, 215 AD3d 764, 765 [internal quotation marks omitted]). A request is seemingly serious if it contains "specific factual allegations of serious complaints about counsel" (People v English, 201 AD3d 733, 734 [internal quotation marks omitted]).
Here, the defendant's motion contained no specific allegation that indicated a serious complaint about the representation that she received. Further, contrary to the defendant's contention, she was not deprived of the right to conflict-free representation, as defense counsel did not adversely express an opinion as to the merits of the defendant's motion, and therefore, the appointment of a new attorney to represent the defendant on that motion was not required (see People v Harrison, 235 AD3d at 998; People v Edwards, 223 AD3d 840, 841).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The contentions raised by the defendant in her pro se supplemental brief regarding the grand jury proceeding and the County Court's alleged failure to consider certain documents are based on matter dehors the record and, therefore, cannot be addressed on direct appeal (see People v Petion, 186 AD3d 1410, 1411; People v Flores, 151 AD3d 740, 741).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
CHAMBERS, J.P., WOOTEN, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court