■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAUDE MULLGRAV, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered March 5, 1985, convicting him of assault in the second degree (three counts), upon a jury verdict, and sentencing him to three consecutive indeterminate terms of 2⅓ to 7 years' imprisonment.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by providing that the terms of imprisonment imposed run concurrently. As so modified, the judgment is affirmed.

While the trial court should have redacted the charges for which the defendant was being arrested from the arrest warrants admitted into evidence, as this information was of no probative value and was prejudicial to the defendant, reversal is not required as a result thereof since the court twice instructed the jury not to consider those charges and the jury was already aware that the defendant was being arrested for prior crimes. Moreover, the error was harmless since the evidence against the defendant was overwhelming.

The sentencing court had the authority to impose consecutive sentences upon the defendant's conviction for three counts of assault in the second degree, as each assault was a separate act against a different victim (see, People v Brathwaite, 63 NY2d 839). Nevertheless, under the facts of this case, we believe that the sentences for the separate counts should run concurrently.

Finally, although the prosecutor violated CPL 390.40 (2) by waiting until the day of sentencing to serve his presentence memorandum on defense counsel, a practice that should not be repeated, resentencing is not required since defense counsel was given the opportunity to review the memorandum, and the sentencing court, effectively, refused to consider those allegations contained in the memorandum to which the defendant did not have the opportunity to respond.

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Brown, Lawrence and Weinstein, JJ., concur.