■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY BENNETT, Appellant.—Judgment unanimously affirmed. Memorandum: There is no merit to defendant's contention that he was sentenced to a term of imprisonment in excess of that promised. The record indicates that, at the time defendant entered his plea, there was no promised sentence.

Also without merit is defendant's contention that the sentence should be vacated because certain documents detailing the facts underlying prior convictions were presented to the court at the time of sentencing, and not 10 days prior to sentencing as required for a pre-sentence memorandum *(see,* CPL 390.40 [2]). Although it would have been better practice to submit those written materials within the time for submission of the pre-sentence memorandum, defendant's attorney had the materials on the day before sentencing, defendant conceded that he had no excuse for his conduct, and defendant's wife indicated that defendant had received psychiatric treatment for his conduct and that the psychiatrist had opined that the treatment was successful. Defense counsel did not

request an adjournment, either at the pre-sentence conference or during sentencing. Defendant had the opportunity to, and did, respond to the written materials, and the circumstances do not warrant vacating the sentence *(see, People v Mullgrav,* 137 AD2d 839, 840, *lv denied* 71 NY2d 1030). (Appeal from Judgment of Niagara County Court, DiFlorio, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Callahan, J. P., Denman, Boomer, Balio and Lowery, JJ.