■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DJAVID SHEHU, Appellant. [645 NYS2d 830] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rappaport, J.), rendered September 7, 1993, convicting him of criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's motion for a separate trial was properly denied since the proof against him and his codefendants, who were all charged, *inter alia,* with conspiracy to possess and sell heroin, was to be supplied by the same evidence (*see, People v Mahboubian,* 74 NY2d 174). Furthermore, all the offenses charged, including the substantive counts involving the sale and possession of heroin, were based upon a common scheme or plan to import heroin from Turkey for sale in the United States (*see,* CPL 200.40 [1]; *People v Fiore,* 34 NY2d 81). We agree with the trial court that evidence regarding a conspiracy to commit murder, charged only against the codefendant and drug ring leader Salih Sevencan, was admissible at the joint trial. While the murder of a nonpaying customer was not the object of the larger drug conspiracy, it constituted an overt act which tended to further that conspiracy (*see, People v Ribowsky,* 77 NY2d 284; *People v Berkowitz,* 50 NY2d 333).

In any event, since the defendant was convicted only of criminal sale of a controlled substance in the first degree, he cannot reasonably argue that the evidence of the individual crimes committed by Sevencan and the other codefendants caused him any prejudice. For the same reason, and because he consented to it, the defendant may not challenge the adequacy of the dual jury procedure employed by the court.

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Sullivan, J. P., Santucci, Joy and Hart, JJ., concur.