■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE SALTON, Appellant. [991 NYS2d 370]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered October 6, 2010, convicting him of murder in the second degree, robbery in the first degree (four counts), and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt of that crime was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The Supreme Court properly refused the defendant's request to charge manslaughter in the first degree as a lesser included offense of murder in the second degree. Viewing the evidence in the light most favorable to the defendant (*see People v Martin*, 59 NY2d 704 [1983]), there was no reasonable view of the evidence to support a finding that the defendant intended to cause serious physical injury to the victim rather than to kill him (*see People v Moreno*, 16 AD3d 438 [2005]; *People v Caimite*, 306 AD2d 417 [2003]).

The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is largely unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Morency*, 104 AD3d 877 [2013]; *People v Rodney*, 96 AD3d 880 [2012]). In any event, the challenged remarks, for the most part, were fair comment on the evidence or were responsive to defense counsel's summation (*see People v Crawford*, 54 AD3d 961 [2008]; *People v Applewhite*, 50 AD3d 1046 [2008]). Although one of the remarks was improper, it was not so egregious as to deprive the defendant of a fair trial (*see People v Philbert*, 60 AD3d 698 [2009]; *People v Nisvis*, 56 AD3d 574 [2008]).

The defendant's contention that certain counts charging him with robbery in the first degree were multiplicitous is unpreserved for appellate review (*see People v Cruz*, 96 NY2d 857 [2001]), and, in any event, without merit (*see People v Saunders*, 290 AD2d 461 [2002]). Mastro, J.P., Dillon, Miller and Maltese, JJ., concur.