■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUSTIN HARRIS, Appellant. [13 NYS3d 443]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered July 7, 2011, convicting him of burglary in the first degree, robbery in the first degree (six counts), sexual abuse in the first degree (two counts), assault in the second degree (three counts), unlawful imprisonment in the first degree (five counts), criminal possession of a weapon in the third degree, criminal possession of a weapon in the fourth degree (three counts), and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the prosecution failed to ad-

duce legally sufficient evidence of his identity as one of the perpetrators of the crime is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Woods*, 123 AD3d 1154 [2014]; *People v Warren*, 50 AD3d 706, 707 [2008]; *People v Betts*, 292 AD2d 539, 540 [2002]) since he made only general motions to dismiss at the close of the People's case and at the close of all evidence. In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), the identification evidence was legally sufficient. Moreover, upon reviewing the record, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the robbery, sexual assault, and weapons counts in the indictment are multiplicitous is unpreserved for appellate review (*see* CPL 210.20, 210.25; *People v Allen*, 24 NY3d 441, 444 [2014]; *People v Cruz*, 96 NY2d 857, 858 [2001]; *People v Salton*, 120 AD3d 838 [2014]; *People v Nash*, 77 AD3d 687, 688 [2010]). In any event, the counts relating to the sexual assault charges and the counts relating to the weapons charges are not multiplicitous (*see* Penal Law § 20.00; *People v Ross*, 118 AD3d 1413 [2014]). Further, the issue as to the robbery counts has been rendered academic (*see People v Stabb*, 9 AD3d 738, 739 [2004]; *People v Smith*, 113 AD2d 905, 907-908 [1985]) since the jury acquitted the defendant of count 33 relating to the robbery charge.

The defendant's contention that his Sixth Amendment right to confrontation (*see Davis v Washington*, 547 US 813 [2006]; *Crawford v Washington*, 541 US 36 [2004]) was violated by the admission of the victims' medical records and DNA evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Jacob*, 117 AD3d 1079, 1080 [2014]; *People v Blackman*, 90 AD3d 1304, 1309 [2011]; *People v Sprosta*, 49 AD3d 784, 785 [2008]). In any event, the contention is without merit, as neither the hospital records (*see People v Duhs*, 16 NY3d 405, 409-410 [2011]; *People v Freycinet*, 11 NY3d 38, 42 [2008]; *People v Pham*, 118 AD3d 1159, 1162 [2014]) nor the laboratory reports generated by the Office of the Chief Medical Examiner of the City of New York (*see People v Fucito*, 108 AD3d 777, 777 [2013]; *People v Pitre*, 108 AD3d 643, 644 [2013]) were testimonial in nature, and the forensic biologist who conducted the actual analysis and interpretation of the data contained in the lab reports was subject to cross-examination (*see People v Brown*, 13 NY3d 332, 341 [2009]; *People v Dail*, 69 AD3d 873, 874 [2010]).

The defendant's contention that the prosecutor committed

misconduct on summation is unpreserved for appellate review, as he failed to object to the challenged comments (*see* CPL 470.05 [2]). In any event, the remarks were fair response to the defense summation (*see People v Lugg*, 124 AD3d 679 [2015]), and the claimed inflammatory comments were not so flagrant or pervasive as to deprive the defendant of a fair trial (*see People v Joubert*, 125 AD3d 686 [2015]). Under these circumstances, defense counsel's failure to object to the challenged remarks did not constitute ineffective assistance of counsel (*see People v Callender*, 123 AD3d 840 [2014]; *People v Ervin*, 118 AD3d 910, 912 [2014]).

The trial court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) was not an improvident exercise of discretion. The court balanced the relevant factors and formulated an appropriate compromise (*see People v English*, 119 AD3d 706, 707 [2014]), and properly determined that the adjudicated infractions were probative of the defendant's veracity because they indicated his willingness to put his own interests above society's (*see People v Quezada*, 116 AD3d 796 [2014]).

Contrary to the defendant's contention, the imposition of concurrent sentences was not mandated, as the acts constituting the relevant crimes were separate and distinct (*see* Penal Law § 70.25 [2]; *People v Frazier*, 16 NY3d 36, 40 [2010]; *People v Starr*, 114 AD3d 813, 814 [2014]; *People v Samms*, 83 AD3d 1099 [2011]). Also, "[w]here, as here, separate acts are committed against different victims during the same criminal transaction, the court may properly impose consecutive sentences in the exercise of its discretion" (*People v Hamilton*, 96 AD3d 1518, 1520 [2012] [internal quotation marks omitted]; *see People v Mullgrav*, 137 AD2d 839, 840 [1988]).

The defendant's remaining contentions are without merit. Rivera, J.P., Austin, Sgroi and Barros, JJ., concur.