■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY NOBLE, Appellant. [14 NYS3d 697]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (DiMango, J.), rendered September 23, 2011, convicting him of endangering the welfare of a child (two counts) and sexual abuse in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Sullivan, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly determined that the defendant did not unequivocally and unqualifiedly express a desire to remain silent (see People v Seda, 289 AD2d 422 [2001]). The court's determination, which turned on its assessment of the hearing testimony of a detective, is supported by the record (see People v Almonor, 122 AD3d 763 [2014]; People v Lowin, 36 AD3d 1153, 1155 [2007]). Accordingly, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

The defendant's contention that certain counts in the indictment were multiplicitous is unpreserved for appellate review (see People v Cruz, 96 NY2d 857 [2001]) and, in any event, without merit (see People v Salton, 120 AD3d 838 [2014]; People v Saunders, 290 AD2d 461 [2002]). Chambers, J.P., Hall, Cohen and Maltese, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PARKER, Appellant. [14 NYS3d 709]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Ingram, J.), imposed May 2, 2013, upon his plea of guilty, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's valid waiver of his right to appeal precludes review of his contention that the sentence imposed was excessive (see People v Mendez, 128 AD3d 854 [2015]). Eng, P.J., Balkin, Dickerson, Chambers and Duffy, JJ., concur.