Appeal by the defendant from a judgment of the County Court, Westchester County (Neary, J.), rendered April 9, 2014, convicting him of robbery in the second degree and unlawful imprisonment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's prosecution stems from the robbery, kidnapping, and murder of Epifanio Medina. On the morning of June 12, 2011, Medina's body was found by horseback riders in a clearing of Graymark Preserve in North Salem, Westchester County. The body was heavily decomposed and was severely infested with maggots. Medina was last seen near a liquor store in Passaic, New Jersey, on June 2, 2011, at about 4:05 p.m.

The evidence at trial included codefendant Jessica French's testimony implicating her accomplices, Charles Blanchard, Patrick Smith, and the defendant. According to French's testimony, Medina was grabbed from the street in front of the liquor store by the defendant and Blanchard. After hitting and punching Medina and forcing him onto the floor of the backseat of their car, the defendant and Blanchard removed various items of jewelry from Medina's person. The defendant, Blanchard, Smith, and French then drove Medina from Passaic, New Jersey, across the Hudson River, to a secluded and wooded area of North Salem, where Medina was left. Thereafter, the defendant, Blanchard, Smith, and French drove back to New Jersey where Smith and French entered Medina's apartment using a key taken from Medina's pocket to search for money.

The defendant was charged with murder in the second degree (two counts), kidnapping in the first degree, robbery in the second degree, and unlawful imprisonment in the first degree. The jury convicted the defendant of robbery in the second degree and unlawful imprisonment in the first degree, and acquitted the defendant of the murder and kidnapping charges.

Contrary to the defendant's contention, the County Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) was a provident exercise of discretion. The court balanced the relevant factors, formulated an appropriate compromise (*see People v Harris*, 129 AD3d 990, 992 [2015]; *People v English*,

119 AD3d 706, 707 [2014]), and properly determined that the prior crimes were probative of the defendant's veracity because they indicated his willingness to put his own interests above those of society (*see People v Harris*, 129 AD3d at 992; *People v Quezada*, 116 AD3d 796 [2014]).

The defendant's contention that the admission of a photograph of Medina's decomposed body was unduly prejudicial is without merit. Generally, "photographs [of the deceased] are admissible if they tend 'to prove or disprove a disputed or material issue, to illustrate or elucidate other relevant evidence, or to corroborate or disprove some other evidence offered or to be offered.' They should be excluded 'only if [their] *sole purpose* is to arouse the emotions of the jury and to prejudice the defendant' " (*People v Wood*, 79 NY2d 958, 960 [1992], quoting *People v Pobliner*, 32 NY2d 356, 369, 370 [1973]; *see People v Webster*, 248 AD2d 738 [1998]). Here, the manner of death and the probable time of death were both material issues in the case. Therefore, the photograph was properly admitted to corroborate and illustrate the People's evidence regarding the positioning of the body, and the manner and time of death (*see People v DeBerry*, 234 AD2d 470, 470-471 [1996]).

Furthermore, the County Court properly denied the defendant's request that his jury be present for the testimony of his codefendant Patrick Smith. Prior to trial, the trial court granted a partial severance directing that the defendant and Smith be tried jointly, but before two separate juries. Given the possibility that the defenses would be antagonistic, the trial court's ruling was a provident exercise of discretion (*see People v Braham*, 91 AD3d 666, 667 [2012]). The defendant was permitted to, and did, call Smith as a defense witness in his own case, thereby nullifying any prejudice the defendant claimed to have suffered as a result of the court's ruling.

The County Court providently exercised its discretion in allowing the People to call a rebuttal witness to Smith's testimony. Although a witness may not be impeached with extrinsic evidence on a collateral issue (*see People v Wise*, 46 NY2d 321 [1978]), here, the rebuttal witness's testimony was relevant to the defense put forth by the defendant through the testimony of Smith. Smith's testimony was properly rebutted by evidence of a prior inconsistent statement made by him (*see People v Knight*, 173 AD2d 736 [1991]).

The defendant's remaining contentions, raised in his pro se supplemental brief, are without merit. Chambers, J.P., Roman, Miller and Barros, JJ., concur.

