◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HASAN VAUGHAN, Appellant. [54 NYS3d 695]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hudson, J.), rendered June 19, 2013, convicting him of murder in the first degree, murder in the second degree (three counts), arson in the second degree, reckless endangerment in the first degree (two counts), reckless driving, unlawfully fleeing a police officer in a motor vehicle in the third degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In the early morning hours of August 11, 2009, the Central Islip Fire Department responded to a report of a fire in a house on Hickory Street. Inside the house were the bodies of three people who had been shot, stabbed, and strangled. The house had then been doused with gasoline and set on fire.

Later that morning, the defendant walked into a hospital in Brooklyn, having sustained severe burns to much of his body. He provided hospital personnel with false information as to his name and address, and refused to say how he had sustained the burns. One of the victims of the Hickory Street fire was later determined to be the defendant's girlfriend; the other victims were her sister and her sister's friend.

The defendant was charged with several felony counts including murder in the first degree and arson in the second degree in connection with these events, and the codefendant Thomas Singletary was charged with the same crimes. Several outstanding misdemeanor charges against the defendant stemming from an earlier arrest on July 23, 2009, were consolidated with these charges. The defendant's motion to sever the felony charges from the misdemeanors and to sever his trial from that of his codefendant was denied; however, the case was tried before two juries.

Evidence at the ensuing trial included expert testimony that DNA evidence found in several locations in the Hickory Street house matched the DNA provided by the defendant and the codefendant. In addition, a friend of the defendant's girlfriend testified that she visited the house on the afternoon before the fire, at which time the defendant's girlfriend told her that the defendant was angry because her sister and her sister's friend

had burglarized his house and taken his laptop computer and other items. A police officer who responded to the report of this burglary testified that the defendant told her he knew who had committed the burglary, and that he would "take care of it" himself. Hospital personnel testified that the defendant arrived at the hospital with serious burns over most of his body, provided false identifying information, and refused to say how he had sustained the burns.

The defendant was convicted on all counts of the indictment.

The decision to consolidate separate indictments was a provident exercise of the County Court's discretion (*see People v Lane*, 56 NY2d 1, 8 [1982]; *People v Dean*, 1 AD3d 446, 448 [2003]; *see also People v Mahboubian*, 74 NY2d 174, 183 [1989]). The court properly directed that the case be tried before separate juries (*see People v Shehu*, 229 AD2d 406, 407 [1996]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of murder in the first degree, three counts of murder in the second degree, arson in the second degree, and two counts of reckless endangerment in the first degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The challenged comments made by the prosecutor during summation were within the bounds of permissible rhetoric, responsive to defense counsel's summation comments, or harmless (*see People v Dorcinvil*, 122 AD3d 874 [2014]). Dillon, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.

---

Motion by the respondent to strike the appellant's reply brief on an appeal from a judgment of the County Court, Suffolk County, rendered June 19, 2013, on the ground that the reply brief improperly raises issues for the first time in reply, refers to matter dehors the record, and fails to comply with the rules of this Court. By decision and order on motion of this Court dated January 9, 2017, the motion was held in abeyance and

referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the motion to strike the appellant's reply brief is granted, and the appellant's reply brief has not been considered in the determination of the appeal.