Appeal by the defendant from a judgment of the Supreme Court, Queens County (Margulis, J.), rendered October 8, 2013, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence upon his adjudication as a persistent violent felony offender.
 

 Ordered that the judgment is modified, on the law, by vacating the defendant’s adjudication as a persistent violent felony offender and the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing in accordance herewith.
 

 The Supreme Court’s Sandoval ruling (see People v Sandoval, 34 NY2d 371 [1974]) was a provident exercise of discretion. The court balanced the relevant factors, formulated an appropriate compromise (see People v Harris, 129 AD3d 990, 992 [2015]; People v English, 119 AD3d 706, 707 [2014]), and properly determined that the prior crimes were probative of the defendant’s veracity because they indicated his willingness to put his own interests above those of society (see People v Sandoval, 34 NY2d at 377; People v Harris, 129 AD3d at 992; People v Quezada, 116 AD3d 796 [2014]).
 

 Contrary to the defendant’s contention, the Supreme Court properly allowed the People to introduce evidence in rebuttal to the defendant’s defense of temporary lawful possession (see People v Cade, 73 NY2d 904, 905 [1989]; People v Morin, 146 AD3d 901 [2017]; People v Brown, 240 AD2d 281 [1997]; People v Knight, 173 AD2d 736 [1991], affd 80 NY2d 845 [1992]).
 

 The defendant’s contention that the Supreme Court erred in not giving a curative instruction upon the prosecutor’s cross-examination regarding defense witnesses’ failure to come forward with exculpatory information prior to trial is unpre-served for appellate review given his failure to object to this line of questioning and his failure to request such instruction at trial (see CPL 470.05 [2]; People v Santiago, 118 AD3d 1163 [2014]). In any event, contrary to the defendant’s contention, the prosecutor established a proper foundation to inquire pursuant to People v Dawson (50 NY2d 311, 321 [1980]) and, to the extent the prosecutor improperly referenced one defense witness’s failure to come forward during grand jury proceedings, that reference was an isolated instance which was not so misleading as to warrant reversal (see id. at 323-324). Moreover, the defendant was not denied effective assistance of counsel based on counsel’s failure to preserve this issue for appeal (see People v Stultz, 2 NY3d 277 [2004]).
 

 The defendant’s contention that certain comments made by the prosecutor during summations were improper and deprived him of a fair trial are unpreserved for appellate review since he either failed to timely object to the remarks he now challenges or made only general objections (see CPL 470.05 [2]; People v Arena, 70 AD3d 1044, 1047 [2010]). In any event, the challenged remarks were fair comment on the evidence and the reasonable inferences to be drawn therefrom (see People v Guzman, 138 AD3d 1140, 1140 [2016]; People v Ramrattan, 126 AD3d 1013, 1014 [2015]), or a fair response to defense counsel’s summation (see People v Halm, 81 NY2d 819, 821 [1993]; People v Johnson, 127 AD3d 1234, 1234 [2015]), or do not otherwise require reversal (see People v Galloway, 54 NY2d 396, 399 [1981]; cf. People v Ashwal, 39 NY2d 105, 110-111 [1976]; People v Rivera, 128 AD3d 857, 858 [2015]).
 

 The defendant is correct, however, that the Supreme Court erred in adjudicating him a persistent violent felony offender pursuant to Penal Law § 70.08. As the People correctly concede, the sum of the defendant’s incarceration dates did not amount to a sufficient tolling period so as to qualify a May 27, 1987, conviction as a predicate violent felony under Penal Law § 70.04 (1) (b) (iv) and (v). Accordingly, the sentence must be vacated and the matter remitted to the Supreme Court, Queens County, for resentencing.
 

 Dillon, J.P., Barros, Connolly and Iannacci, JJ., concur.