People v Singletary (2018 NY Slip Op 06273)





People v Singletary


2018 NY Slip Op 06273


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2013-06567
 (Ind. No. 392/12)

[*1]The People of the State of New York, respondent,
v
Thomas Singletary, appellant.


Laura Solinger, Southold, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Marcia R. Kucera of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (James Hudson, J.), rendered June 19, 2013, convicting him of murder in the second degree (three counts), arson in the second degree, and reckless endangerment in the first degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
In the early morning hours of August 11, 2009, members of the Central Islip Fire Department responded to a report of a fire at a house on Hickory Street. The firefighters found the house engulfed in flames. Inside the house were the bodies of three people who had been shot, stabbed, and strangled. The house had then been doused with gasoline and set on fire.
The defendant was charged with felony counts including murder in the second degree and arson in the second degree in connection with these events. The codefendant, Hasan Vaughan, was charged with the same crimes, as well as several misdemeanor charges stemming from an earlier arrest on July 23, 2009. The defendant and codefendant were tried jointly, but before two separate juries.
Evidence at the ensuing trial included expert testimony that DNA evidence found in several locations in the Hickory Street house matched, inter alia, the DNA provided by the defendant. In addition, the People presented testimony that on the afternoon of the fire, the defendant sought treatment at a hospital for injuries which he described to medical personnel as the result of a motorcycle accident. An expert testified at trial that the description of the defendant's injuries in his medical records, including their location on his arms, upper and lower legs, back, and chest, as well as the type of the injuries, which were characterized by deep tissue lesions and loss of pigment, were consistent with having sustained thermal burns. There was also evidence that the defendant bypassed nearby hospitals and went to a more distant hospital in order to forestall inquiry that might connect him to local events, such as a reported house fire.
The defendant was convicted of, inter alia, murder in the second degree (three counts) and arson in the second degree. The codefendant was convicted of all counts of the indictment, and [*2]his convictions were affirmed on appeal (see People v Vaughan, 151 AD3d 985).
Granting a partial severance directing that the defendant and the codefendant be tried jointly, but before separate juries, was a provident exercise of the County Court's discretion (see People v Ricardo B., 73 NY2d 228, 232-233; People v Morin, 146 AD3d 901, 902).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear their testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant was not deprived of his constitutional right of confrontation by the admission of the codefendant's informal remarks to detectives, which were not made in response to structured police questioning, as the remarks were not testimonial in nature (see People v McBee, 8 AD3d 500; People v Newland, 6 AD3d 330, 331).
The defendant was afforded the effective assistance of counsel (see People v Benevento, 91 NY2d 708, 713; People v Baldi, 54 NY2d 137, 147).
RIVERA, J.P., CHAMBERS, AUSTIN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court