People v Jagota (2019 NY Slip Op 08865)





People v Jagota


2019 NY Slip Op 08865


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2014-04592
 (Ind. No. 13-00191)

[*1]The People of the State of New York, respondent,
v
Vikas Jagota, appellant.


Gary E. Eisenberg, New City, NY, for appellant.
Kevin P. Gilleece, Acting District Attorney, New City, NY (Carrie A. Ciganek of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (William K. Nelson, J.), rendered April 24, 2014, convicting him of assault in the second degree, abortion in the second degree, endangering the welfare of a child, criminal mischief in the fourth degree, and assault in the third degree (three counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The evidence at trial established, inter alia, that the defendant committed multiple acts of violence against the complainant, sometimes in the presence of a child. The evidence established that on one occasion, after the defendant learned that the complainant was pregnant, he punched her in the stomach and caused her to have a miscarriage. At the conclusion of the jury trial, the defendant was convicted of assault in the second degree, abortion in the second degree, endangering the welfare of a child, criminal mischief in the fourth degree, and assault in the third degree (three counts).
The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review, as defense counsel made only a general motion for a trial order of dismissal, arguing that the People failed to make out a prima facie case (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 491-492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Upon our independent review of the record (see CPL 470.15[5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495).
Contrary to the defendant's contention, the County Court providently exercised its discretion in denying his challenge for cause to a prospective juror. The statements made by the prospective juror did not indicate that he had "a state of mind that [was] likely to preclude him from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20[1][b]; see People v Gross, 172 AD3d 741, 743; see also People v Arnold, 96 NY2d 358, 363).
We agree with the County Court's determination to allow the People to present [*2]evidence of prior uncharged incidents in which the defendant allegedly struck the complainant. In domestic violence cases such as this one, "evidence of prior assaults is admissible because the aggression and bad acts are focused on one particular person, demonstrating the defendant's intent, motive, identity and absence of mistake or accident' and provides the necessary background as to the relationship between the defendant and the victim" (People v Graham, 159 AD3d 1022, 1023, quoting People v Womack, 143 AD3d 1171, 1173).
The defendant's contention that certain remarks made by the prosecutor in summation deprived him of a fair trial is unpreserved for appellate review, since the defendant did not object to any of the challenged remarks (see CPL 470.05[2]). In any event, the contention is without merit, as the remarks were fair comment on the evidence and the reasonable inferences to be drawn therefrom, fair response to the defense summation, or permissible rhetorical comment, or do not otherwise require reversal (see People v Taylor, 159 AD3d 734, 735; People v Kaval, 154 AD3d 875, 876).
The defendant's contention that he was deprived of the effective assistance of counsel is without merit. Viewed in totality, the record reflects that the defendant received the effective assistance of counsel under the federal and state constitutional standards (see Strickland v Washington, 466 US 668; People v Benevento, 91 NY2d 708).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
DILLON, J.P., COHEN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court